### PRESCOTT v. CITY OF BORGER et al.
### No. 5375.

Court of Civil Appeals of Texas. Amarillo.
Jan. 12, 1942.

Rehearing Denied Feb. 9, 1942.

E. T. Miller and Cleo G. Clayton, Jr., both of Amarillo, for appellant.

J. O. Ward, of Borger, and Sturgeon & Sturgeon, of Pampa, for appellees.

STOKES, Justice.

On and before the 7th of May, 1940, appellant, Neal Prescott, was engaged in the business of selling and distributing Grade A pasteurized milk within the corporate limits of the City of Borger, in Hutchinson County. He did not produce nor pasteurize his milk but procured it at wholesale prices from the Plains Creamery, Inc., located at Amarillo, in Potter County, some sixty miles from Borger. The agreed statement of facts shows that the City Health Department of Amarillo and its milk inspector tested and approved the Grade A pasteurized milk which was being sold at Borger by appellant and that upon receiving it from the Plains Creamery he placed it in his trucks which were refrigerated and equipped for the proper preservation of the temperature required by the process of pasteurization and, in such trucks, immediately conveyed it to Borger where it was sold to his customers in the bottles in which it was placed by the Plains Creamery. It is further shown by the agreed statement of facts that the Plains Creamery conforms to the laws of the state and the ordinance of the city of Amarillo with respect to the pasteurization of milk and the process of bottling, capping, handling and preparing the same for sale as Grade A pasteurized milk. The Plains Creamery and the producing dairies from which it procures its raw milk for pasteurization are equipped, and the milk is handled and processed, under the supervision and control of the State Health Officer and the producing dairies and pasteurization plants at Amarillo are inspected and approved by the same inspector for that department who inspects and approves them at Borger. The agreed facts further show that appellant conformed to all of the laws of the State of Texas in handling, distributing and selling Grade A pasteurized milk at Borger and that the milk being sold there by him was bought solely from the Plains Creamery who purchased and pasteurized the same in accordance with the laws of the State and that appellant delivered the same to his customers at Borger by the same methods as other distributors and vendors sold and delivered milk there.

The City of Borger is a Home Rule City and is organized under a charter adopted by the electors under the provisions of Sec. 5, Art. 11, of the Constitution, Vernon's Ann.St., and Art. 1165 et seq., R.C.S.1925, Vernon's Ann.Civ.St. art. 1165 et seq. On the 7th of May, 1940, the city commission enacted an ordinance which provided in substance that no milk or cream should be sold in the City of Borger that had been pasteurized outside of Hutchinson County except as may be authorized by the City Health Officer and attached a penalty for violation thereof of a fine in any sum not exceeding $100. It further provided that anyone who should sell, offer for sale or have in his possession within the corporate limits of the City of Borger for the purpose of sale, pasteurized milk or cream that was pasteurized outside of Hutchinson County, should be deemed to have violated the ordinance and would be subject to the penalty therein provided. It is not an ordinance treating generally the subject of the sale of milk and its products, but contains only the provisions we have mentioned.

It is further shown by the agreed statement of facts that the authorities of the City of Borger had threatened to and would arrest and prosecute appellant and his employees if they should sell or distribute, or attempt to sell or distribute, Grade A pasteurized milk within the city limits unless the same had been pasteurized within the boundaries of Hutchinson County.

On the 19th of December, 1940, appellant filed this suit against the City of Borger and its mayor and other officials, seeking an injunction against the enforcement of the ordinance and making all necessary allegations to entitle him thereto if the ordinance is invalid and unenforceable as alleged by him. The case was tried on the 5th of April, 1941, without the intervention of a jury and resulted in a judgment for the defendants, appellees herein, denying appellant the injunction for which he prayed, and assessing the costs against him.

Appellant duly excepted to the judgment and presents the case on appeal in this court upon a number of assignments of error and propositions in which he contends that the ordinance is unenforceable and void because (a) it is in conflict with the general laws of the state regulating and supervising the production, distribution and sale of Grade A pasteurized milk; (b) that it clothes the officials of the City of Borger with arbitrary and unreasonable discretion in granting or refusing permits for the sale and distribution of pasteurized milk; (c) that it is discriminatory in its nature and not one of regulation such as the governing body of the city was authorized to enact, and (d) its enforcement would deprive appellant of his property rights under the laws and constitution of the state.

The trial court held that the provision of the ordinance which gives discretion to the City Health Officer in the matter of granting permits for the sale of pasteurized milk was invalid but that, after removing that provision, it constituted a local law which the governing authorities of the city, under the police power, had authority to enact.

In 1937 the 45th Legislature enacted what is now Art. 165—3, Vernon's Annotated Revised Civil Statutes, being that portion of Title 4 which regulates the pasteurization, handling and sale of milk and its products. Sub. "Q" of Sec. 1 of that Act defines Grades A, B and C pasteurized milk as being milk or milk products which have been produced and pasteurized in accordance with the specifications and requirements promulgated by the State Health Officer. Sec. 2 empowers the State Health Officer to define what constitutes such grades of pasteurized milk and to promulgate specifications for the production and handling thereof and the sanitary conditions under which the same are produced. It provides that such specifications shall be based upon, and in harmony with, the specifications for such grades that are set forth in the current United States Public Health Service Milk Ordinance and that any city adopting any specifications and regulations for any grade of milk shall be governed by the specifications and regulations promulgated by the State Health Officer.

Sec. 3 of the Act provides that any person desiring to use labels representing, publishing or advertising milk or milk products offered for sale as Grades A, B, C or D shall make application to the City Health Officer for a permit to use such labels in advertising, representing or labeling the same and makes provision for reports by the City Health Officer to the State Health Officer of such permits.

Sec. 4 provides that no milk shall be sold under a label of a certain grade unless it is of that grade and prohibits the representa-

tion, advertising or labeling of milk as Grade A pasteurized milk unless it has been produced, treated and handled in accordance with the provisions of the Act and the rules promulgated by the State Health Officer.

Sec. 6 authorizes the State Health Officer to supervise and regulate the grading and labeling of milk and its products in accordance with the standards, specifications and requirements which he promulgates for such grades and in conformity with the definitions contained in the Act, giving him power also to revoke and re-grade permits issued by local authorities.

Sec. 7 is the enabling clause of the statute and provides that the governing body of any city may make mandatory the grading and labeling of milk or milk products sold or offered for sale by any person, firm or corporation directly to consumers of such milk or milk products.

Sec. 8 provides a penalty for violation of any of the provisions of the Act consisting of a fine in any sum not less than $25 nor more than $200.

From the above it will be seen that the Legislature has entered the field of legislation covered by the ordinance enacted by the governing authorities of the City of Borger. It is well established law in this state that, generally, the governing authorities of cities are prohibited by the Constitution, Art. 11, Sec. 5, and the statutes, Art. 1165 et seq., R.C.S.1925, Vernon's Ann.Civ.St. art. 1165 et seq., from entering a field of legislation that has been occupied by general legislative enactments. Xydias Amusement Co. v. City of Houston et al., Tex.Civ.App., 185 S.W. 415; City of Lubbock v. South Plains Hardware Co., Tex.Civ.App., 111 S.W.2d 343.

The article of the Constitution above cited provides that no city charter or ordinance passed thereunder shall contain any provision inconsistent with the constitution or general laws of the state and the identical language expressed in the constitution was, by the Legislature, brought forward in Art. 1165 of the Revised Civil Statutes. No ordinance can be legally enacted by the governing body of a city, therefore, which conflicts or is inconsistent with either the constitution or the statute. When the governing body of appellee, the City of Borger, attempted to enact the ordinance here in question, it undoubtedly entered a field of legislation that had been occupied by the Legislature when it enacted Art. 165–3. The limitation placed upon local bodies does not extend, of course, to those ordinances which are permitted by, or are in harmony with constitutional and statutory provisions even though, in doing so, they may be said to be entering the same field. The fourth paragraph of Sec. 2 of Art. 165–3 implies that the governing bodies of cities may adopt specifications and regulations for any grade of milk that is offered for sale in such cities but provides that when the same are adopted they shall be governed by the specifications and regulations promulgated by the State Health Officer as authorized by the Act. Sec. 7 of the Act specifically provides that governing bodies of cities in the state may make mandatory the grading and labeling of milk and its products sold and offered for sale under the United States Milk Ordinance and as defined in the Act. It further provides that, when they do so, they must require that the grading and labeling shall be according to definition "Q" of the Act referring to Grades A, B and C pasteurized milk or its products, and it gives to such governing bodies authority to adopt ordinances to that effect and provide the necessary facilities for determining the grades of milk and its products and for the enforcement of the statute.

Under these provisions of the statute appellees had power and authority to enact an ordinance regulating the pasteurization, handling and sale of pasteurized milk in the city, but they could not go beyond the limits of the authority given them in the statute. Milk and other dairy products are legitimate subjects of commerce and the right to sell them should not be abridged by legislative bodies further than reasonably to protect and safeguard the public health. Grant v. Leavell, 259 Ky. 267, 82 S.W.2d 283. It was in recognition of this rule, no doubt, that the Legislature enacted Art. 165–3 and therein extended to governing bodies of cities authority to enact ordinances regulating the pasteurization, handling and sale of pasteurized milk within cities. Ample provision both for the sale of the product and the protection of the public are included in the statute and city authorities are given power to enforce them. Likewise both the public health and the

right to sell milk are protected from capricious enactments of such authorities by limiting the legislative powers of cities to such enactments as will enable them to enforce the provisions of the statute. One of the powers specifically given to city authorities by the statute is to provide the necessary facilities for determining the grades of milk and milk products. It is contended by appellees that the ordinance of the City of Borger was designed to make available to the city authorities the plants in which the milk sold there was pasteurized so that they could enforce the statutory provisions in an efficient manner. While they had the authority to provide facilities by which the grades of milk might be determined, the statute does not give them authority to enact such drastic measures as the ordinance contains. According to the agreed statement of facts, the plant of the Plains Creamery at Amarillo and the producing dairies from which it procures raw milk for pasteurization are under the supervision and control of the same State inspector who inspects and approves the producing dairies and pasteurizing plants in and about the City of Borger. Since the authorities of Borger are limited in their powers to providing facilities for determining the grades of milk and its products and the enactment of ordinances that will effectuate the statute, it would seem wholly beyond their authority to require that pasteurization plants shall be located within Hutchinson County. We do not think the requirements of the ordinance come within the limitation of such enactments as, under the statute, the city's governing body had authority to adopt. The power to provide facilities by which the grades of milk may be determined does not include the power to dictate the location of the plants in which the milk is pasteurized. Since the ordinance transcends the general statutes of the state and goes beyond those specific powers extended to city authorities by Art. 165–3 of Vernon's Revised Annotated Civil Statutes, it is unconstitutional and void and appellant's first contention will be sustained.

■ The next contention of appellant is that the ordinance clothes the City Health Officer with arbitrary and unreasonable discretion in the granting or refusing of permits to sell pasteurized milk within the city and for that reason, it is unconstitutional and void. This contention is not seriously contested by appellees and the trial court sustained the contention. We will say, without further discussion, that the holding of the court in that respect was correct. The court further held, however, that, when the ordinance is stripped of the provision which gives such arbitrary power to the City Health Officer, it is a valid and binding enactment. In this we cannot agree with the court below. After such provision is removed, the ordinance provides that no milk or cream shall be sold in the city that has been pasteurized outside of the county of Hutchinson. We have already discussed this portion of the ordinance and held that it is in contravention of the constitution and statutes of the state and therefore void and unenforceable.

What we have said sufficiently disposes of the case and it is not necessary, we think, to discuss the remaining contentions. The judgment of the court below will be reversed and judgment here rendered granting to appellant the injunction prayed for and taxing against appellees the costs accrued in this court and the court below.