Herlinda Rodriguez MUNOZ et vir,
Appellants,

v.

CITY OF SAN ANTONIO et al., Appellees.

No. 13378.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 5, 1958.

Rehearing Denied Dec. 10, 1958.

Anees A. Semaan, Morris R. Edwards, Phillip E. Palmer, San Antonio, for appellants.

Carlos C. Cadena, City Atty., Charles L. Smith, Asst. City Atty., San Antonio, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Herlinda Rodriguez Munoz, sometimes known as Herlinda ·Rodriguez, joined by her husband, Isaac Munoz, against the City of San Antonio, Lynn Andrews, City Manager, and J. Frank Gallagher, City Clerk, seeking a writ of mandamus requiring said City Clerk

to issue to her a "City Retail Dealer's On Premise Beer License," hereinafter called a "City Beer License," to cover the premises located at 429 El Paso Street, San Antonio, Texas, known as "Texas Inn No. 2." The trial was to the court without the intervention of a jury and resulted in judgment refusing the issuance of such writ of mandamus, from which judgment Mrs. Munoz has prosecuted this appeal.

At the request of appellants, the trial court made and filed the following findings of fact and conclusions of law:

"Findings of Fact

"1. That during the period of a year immediately prior to the 18th of February, 1958, plaintiffs operated a place of business at 429 El Paso Street, in the City of San Antonio, Bexar County, Texas.

"2. That plaintiffs held for such period a license issued by the State Liquor Control Board of the State of Texas to sell beer at the premises; and that plaintiffs also held a 'city retail dealer's on-premises beer license' issued by the City of San Antonio, authorizing the sale of beer on such premises.

"3. That on the 18th day of February, 1958, plaintiff Mrs. Herlinda Rodriguez Munoz was granted a temporary receipt for a renewal of her State Beer License, permitting her to sell beer at the premises in question; that immediately thereafter she presented such receipt showing she had paid the required fee through the office of the County Judge of Bexar County, Texas, to and was advised by, the proper agent of the City of San Antonio that she would be notified as to what disposition the City of San Antonio would make of her application for a license.

"4. Subsequently she was advised by letter that her application for a license to sell beer on the premises in question would be and was thereby denied at the request of the San Antonio Police Department.

"Thereafter other requests for the issuance of the license were made and were each in turn denied by reason of objections to the granting of the license by the San Antonio Police Department.

"5. Plaintiffs then sought a mandatory injunction in this Court requiring the City of San Antonio to issue its license to permit her to sell beer.

"6. That during the period of at least one year immediately prior to February 18, 1958, numerous calls, exceeding fifty in number, were made by members of the San Antonio Police Department to the premises of plaintiffs to enforce police regulations of the City of San Antonio; that some of said calls resulted in arrests of various persons. That the manner of operation of the establishment of plaintiffs constituted a nuisance and was contrary to the morals and best interests of the City of San Antonio.

"Conclusions of Law

"1. Based upon the facts set out above, the Court is of the opinion and has concluded as a matter of law that the City of San Antonio has the right, power and authority, in the exercise of its police power, and separate and apart from its authority to tax, to deny the issuance of a 'city retailer's on-premises beer license.'

"2. The City having the authority to deny the issuance of a 'city retailer's on-premises beer license,' the Court is of the opinion that it would be improper to grant a mandatory injunction sought by plaintiffs and it is therefore denied."

Appellants contend that the trial court erred in holding that the City of San Antonio had the right, power and authority to deny a city beer license to appellants.

 The Texas Liquor Control Act, hereinafter referred to as the Act, is intended as an exercise of the public powers of the State to protect the health, welfare, peace and temperance of its people, and all its provisions are to be liberally con-

strued for the accomplishment of that purpose. Art. 666–2, Vernon's Ann.Penal Code; Texas Liquor Control Board v. Marine Exchange Social Club, Tex.Civ. App., 127 S.W.2d 967; Texas Liquor Control Board v. Super Savings Stamp Co., Tex.Civ.App., 303 S.W.2d 536.

The Act is found in Vernon's Penal Code of Texas, Art. 666–1 to Art. 666–56, and Art. 667–1 to Art. 667–31. It is a very comprehensive Act and, among other things, covers every phase of licensing the manufacture and sale of intoxicating beverages. Art. 667–2, supra, provides in part as follows:

"Unless otherwise herein specifically provided by the terms of this Act, the manufacture, sale, distribution, transportation, and possession of beer as herein defined shall be governed exclusively by the provisions of this Article."

■ The Act goes on to provide for the issuing by the State Liquor Control Board of a "Retail Dealer's On-Premise License" to sell beer, hereinafter called "Beer License." There are provisions for an application, a hearing and an appeal, in connection with the issuing of "Beer Licenses." It is quite clear that the Texas Legislature intended to give to the Texas Liquor Control Board, its Administrators, agents and employees, the exclusive power to issue or to refuse to issue a "Beer License." While a city is given express authority to do certain things with reference to the sale of beer within its limits, nowhere in the Act is a city given the right, power or authority to issue or to refuse to issue a "Beer License."

■ When the City of San Antonio undertakes to provide for the issuance of a "City Beer License" by its ordinance, such an ordinance is in conflict with the provisions of Art. 667–2, 3, 4, 5, and 6, and is therefore void. There is nothing in the Act which gives to cities such power, and unless such power is found in the Liquor Control Act the city does not have such power. Such right, power and authority is expressly reserved to the State, acting through the State Liquor Control Board, and its administrators, agents and officers.

■ The State Liquor Control Act does not authorize the City to collect any fee for issuing a beer license, but Art. 667–3(h) does provide in part as follows: "* * * and any incorporated city or town wherein the license is issued shall have the power, except as to Temporary Licenses, to levy and collect a license fee not to exceed one-half (½) of the State fee, but no other fee or tax shall be levied * * *." This is all the power given to the city in reference to the collection of a tax where the State has issued a "Beer License" to a dealer to sell beer within its limits.

■ There are certain other provisions of the Act which authorize the city to do certain things with reference to regulating the conduct of the sale of beer within its limits, Art. 666–24 and 25a and Art. 667–10½ but these provisions fall far short of authorizing a city to issue a beer license or to refuse to permit a person who has a State beer license, duly issued, to sell beer within its limits. A city may not defeat all of the numerous provisions of the Act by the simple process of denying a city beer license. The State Liquor Control Board alone has the power to forfeit or suspend a beer license.

■ Appellants tendered to the city a sum of money equal to one-half of the fee levied by the State, for a beer license, which the city refused to accept. However, this is not a suit to require the city to accept this sum of money and issue its receipt therefor, it is a suit to compel the city to issue to appellant a "City Beer License."

Having held that the city has no power to issue such a license, it follows that appellants are not entitled to a writ of mandamus requiring the city to issue a "City Beer License."

We do not agree with the Conclusions of Law made by the trial court, but for the reasons above stated we affirm the judgment of the trial court.