COMBINED AMERICAN INSURANCE
COMPANY, Appellant,

v.

The CITY OF HILLSBORO, a Municipal
Corporation, Appellee.

No. 4645.

Court of Civil Appeals of Texas.

Waco.

Nov. 2, 1967.

Rehearing Denied Nov. 22, 1967.

Brundidge, Fountain, Elliott & Churchill, Bob Dyess, Dallas, for appellant.

Steven Kazanas, West, Dunnam, Dunnam & Dunnam, Waco, for appellee.

## OPINION

TIREY, Justice.

The Combined American Insurance Company, a life, health and accident insurance company, incorporated under the laws of the State of Texas, and duly authorized to do business as such under the laws of the State of Texas, brought this action in the District Court of Hill County to enjoin the City of Hillsboro, a municipal corporation, from enforcing the provisions of its Peddlers' and Vendors' Ordinance against it. On trial, without the aid of a jury, the court denied the insurance company any relief and it has perfected its appeal to this court.

The judgment is assailed on three points. Point 1 is to the effect that the court erred:

In denying plaintiff a permanent injunction enjoining the city, its officers, agents and employees from enforcing or attempting to enforce its Ordinance No. 65–3 against it, its agents and employees and from collecting or attempting to collect or threatening to collect from plaintiff any fees or licenses.

We overrule this contention. As we understand the record appellant is now operating by virtue of the fact that it has complied with the ordinance for the year 1967. We cannot assume that the appellee will insist on appellant complying with this ordinance for the year of 1968 in the conduct of its insurance business. We think the rule in Texas is to the effect that if a statute or ordinance is invalid it affords no ground for injunctive relief unless the enforcing officers perform some act (or are threatening to do so) which is not authorized by law, and which constitutes an unlawful interference with their legal rights. See Missouri, K. & T. Ry. Co. of Texas v. Shannon, 100 Tex. 379, 100 S.W. 138, 140, 10 L.R.A.,N.S., 681. Past acts will not afford a basis for injunctive relief absent a showing they will recur. Luccous v. J. C. Kinley Company (Tex.Sup.1964), 376 S.W.2d 336, 341.

Point 2 is to the effect that the court erred:

In refusing to declare the ordinance invalid insofar as such ordinance can be construed to apply to plaintiff, its agents and employees.

We sustain this view and hold that appellant is entitled to a declaratory judgment to the effect that the ordinance is invalid and unforceable insofar as it relates to the selling and taking orders for insurance policies, and as it relates to appellant and its insurance salesmen licensed by the State Board of Insurance Commissioners. Therefore, we accordingly modify the judgment of the trial court and render a declaratory judgment in favor of appellant as above stated. The judgment denying the injunctive relief is affirmed.

The insurance company went to trial on its second amended original petition duly verified. Pertinent to this discussion it alleged that it was an insurance company doing business in the State of Texas under the Insurance Code, and that its principal office and place of business is in Dallas County, Texas, and that on or about January 19, 1965, the City of Hillsboro, acting by and through its City Council enacted ordinance No. 65–3 (Peddlers' and Vendors' Ordinance), which ordinance provides in part that it shall be unlawful for any person to go from house to house or from place to place in the City of Hillsboro, soliciting, selling, or taking orders from or offering to sell or take orders for any goods, wares, merchandise, or services, without having applied for and obtained a license to do so from the City Secretary. Such ordinance also provides that persons desiring to do the enumerated acts shall file, together with their application, a bond in the penal sum of $500.00, and that such person shall pay a license fee of Thirty ($30.00) Dollars plus an additional license fee of Ten ($10.00) Dollars for each agent or employee engaged in the enumerated acts; that such ordinance further provides that failure to post the required bond and pay the required license fees shall be a misdemeanor and authorized a fine of $10.00 to $100.00 for each and every day of violation.

Plaintiff further plead that Article 4.06 of the Insurance Code, V.A.T.S. of the State of Texas provides:

"No occupation tax other than herein imposed shall be levied by the State or any county, city or town, upon any insurance organization herein subject to the occupation tax in proportion to its gross premium receipts, or its agents. The occupation tax imposed by this chapter shall be the sole occupation tax which any company doing business in this State under the provisions of this chapter shall be required to pay."

It further alleged that Article 7064a, Vernon's Ann.Tex.Civ.St., provides that every association or corporation, specifically including insurance organizations transacting the business of life insurance, personal accident insurance, life and accident insurance, or health and accident insurance for profit shall file an annual statement showing the gross amount of premiums collected during the preceding year; such article then provides a tax upon such insurance organizations based upon a percentage of the gross amount of premiums collected annually. Such article further provides:

*"The taxes aforesaid shall constitute all taxes and license fees collectible under the laws of this State from any such insurance organization * * * and no other taxes shall be levied or collected by the State or any county, city or town except State, county and municipal ad valorem taxes upon real or personal properties of such insurance organization."*
(emphasis added)

It further alleged that Article 11, Section 5 of the Constitution of the State of Texas, Vernon's Ann.St. provides that cities having more than 5,000 inhabitants may adopt charters,

*"[P]roviding that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State or of the general laws enacted by the Legislature of this State."*
(emphasis added)

It further alleged that plaintiff is an insurance organization as contemplated by Article 4.06 of the Texas Insurance Code and by Article 7064a, V.A.T.S., and is subject to the taxes imposed by such statute; that plaintiff's soliciting agents who sell in the city of Hillsboro and elsewhere are licensed by the State of Texas pursuant to Article 21.07 of the Insurance Code; that defendant's ordinance is in conflict with Article 4.06 Texas Insurance Code, Article 7064a, V.A.T.S., and with the Constitution

of the State of Texas, Article 11, Section 5, and is therefore unconstitutional, invalid and void insofar as such ordinance applies to plaintiff, its agents and employees; that plaintiff advised defendant of the conflict between the applicable state statutes and provisions of the State Constitution and defendant's ordinance, but nevertheless defendant had warned plaintiff that plaintiff's agents would be subject to the terms of such ordinance; and that because of defendant's insistence that its ordinance applied to plaintiff's agents, and because of the penalties provided in such ordinance, plaintiff's agents have paid the fees required by defendant's ordinance at all times applicable hereto.

The evidence tendered conclusively sustains each of the foregoing allegations, and there is no evidence to the contrary.

Since it is undisputed that appellant is a life, health and accident insurance company, incorporated under the laws of the State of Texas, and has fully complied with the laws of the State of Texas, and has been issued a Certificate of Authority by the State Board of Insurance, certifying that it has complied with the laws of Texas, it is our view that appellant is authorized to transact the business of life, health and accident insurance in the State of Texas, and that the City of Hillsboro, its officers, agents and employees are without authority to interfere with it in the soliciting of its business.

Point 3 is to the effect that the court erred:

In holding that the enforcement against plaintiff of defendant's ordinance is a valid exercise of police power by the City.

Since we have sustained appellant's point 2 for the reasons stated, it follows that we are of the further view that the city cannot enforce the ordinance against appellant as a valid exercise of its police power, and

if we could reach this point it would be sustained. We feel further comment is unnecessary.

Accordingly, under the views heretofore expressed, the judgment in this cause is modified by entering a declaratory judgment to the effect that the ordinance is inapplicable and unenforceable against the appellant, its agents, servants and employees. The judgment denying the injunction is affirmed. We assume that under the judgment here rendered the city of Hillsboro will make no further attempt to enforce the ordinance against appellant, its servants, agents and employees.

Under Rule 448, Texas Rules of Civil Procedure, we tax all costs on appeal and in the court below equally against appellant and appellee.