**Freeman D. ROYER et al., Appellants,**

v.

**Ken RITTER et al., Appellees.**

**No. 7755.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 18, 1975.

Rehearing Denied Jan. 8, 1976.

Kammerman, Yeakel, Hineman & Trickey, Earl L. Yeakel, III, Austin, for appellants.

V. Lane Nichols, Beaumont, for appellees.

DIES, Chief Justice.

By ordinance dated April 1, 1975, the City Council of the City of Beaumont prohibited package stores within the city limits from engaging in business on four days (New Year's Day, July 4th, Labor Day, and Thanksgiving Day) when, under the Texas Liquor Control Act, they would be authorized to operate; and on other days the ordinance requires that package stores close at 8 P.M. when the Texas Liquor Control Act permits them to remain open until 9 P.M.

Suit was filed below by various individuals to declare the ordinance void. The relief sought was denied and now the plaintiffs below seek review of such judgment.

Five distinct provisions in the Texas Liquor Control Act grant cities regulatory power over alcoholic beverages:

a. Tex.Penal Aux.Laws Ann. art. 666–15 (1974) authorizes counties as well as cities to collect from permit holders a fee equal to one-half of the state fee for the particular permit involved.

b. Tex.Penal Aux.Laws Ann. art. 666–24 (1974) authorizes a city to prohibit the sale of liquor in a residential section or any part thereof.

c. Tex.Penal Aux.Laws Ann. art. 666–25a (1974) authorizes counties and cities to prohibit the sale of alcoholic beverages within 300 feet of any church, public school, or public hospital.

d. Tex.Penal Aux.Laws Ann. art. 667–10½ (1974) authorizes incorporated cities and towns to regulate the sale of beer within the corporate limits of the cities by charter amendment or by ordinance.

e. Tex.Penal Aux.Laws Ann. art. 666–25(d) (1974) authorizes counties with a population under 300,000 and cities in counties with a population under 300,000 to adopt the hours of sale for mixed beverages authorized for counties with a population of 300,000 or more.

■ It is a familiar rule of statutory interpretation that an "exception" makes plain the intent that the statute should apply in all cases not excepted. *Federal Crude Oil Co. v. Yount-Lee Oil Co.,* 122 Tex. 21, 52 S.W.2d 56, 60 (1932). This may be also stated as the rule expressio unius est exclusio alterius—the inclusion of the specific limitation excludes all others. *Harris County v. Crooker,* 112 Tex. 450, 248 S.W. 652, 655 (1923); *State v. Mauritz-Wells Co.,* 141 Tex. 634, 175 S.W.2d 238, 241 (1943); *Amdel Pipeline, Inc. v. State of Texas,* 530 S.W.2d 647 (Tex.Civ.App.—Beaumont 1975, writ pending).

■ The Legislature, by granting to the cities power of control in the five instances above set forth, has, under these authorities, denied this power in any instance not specified. There is no authority in the Texas Liquor Control Act for the Ordinance under review.

■ Furthermore, this Ordinance is inconsistent with the Act. It is true that the Legislature stated when package stores are *not* to be open, rather than the converse. But this is merely one way of stating when they *may* be open. When the Beaumont Ordinance adds to the times they must be closed, the Ordinance is inconsistent with the statute. Any other reasoning would strain the plain credulity of language.

 No ordinance can be legally enacted by the governing body of a city which conflicts or is inconsistent with the statute. *Zachry v. City of San Antonio,* 157 Tex. 551, 305 S.W.2d 558, 561 (1957); *Berry v. City of Fort Worth,* 132 Tex. 599, 124 S.W.2d 842 (1939); *City of Corpus Christi v. Unitarian Church,* 436 S.W.2d 923, 927 (Tex.Civ.App., Corpus Christi 1968, writ ref'd n. r. e.); Tex.Const. art. XI, § 5; Tex.Rev.Civ.Stat. Ann. art. 1165 (1963).

See also: *Prescott v. City of Borger,* 158 S.W.2d 578, 581 (Tex.Civ.App., Amarillo 1942, writ ref'd); *City of Fort Worth v. McDonald,* 293 S.W.2d 256 (Tex.Civ.App., Fort Worth 1956, writ ref'd n. r. e.); *Combined American Ins. Co. v. City of Hillsboro,* 421 S.W.2d 488 (Tex.Civ.App., Waco 1967, writ ref'd n. r. e.).

*Railroad Commission of Texas v. Miller,* 434 S.W.2d 670, 672 (Tex.1968), tells us to "take statutes as [we] find them." That we should search for the intendment of a statute, finding "its intent in its language, and not elsewhere. They [the courts] are not the law-making body. They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of written law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain."

If the Legislature had intended for the City Council to have the authority to extend the time of closing or opening of package stores from the state provision, it could have said so. Having failed to do so, we believe they (the Legislature) intended the provision for closing in the act to be statewide and exclusive. See *Munoz v. City of San Antonio,* 318 S.W.2d 741 (Tex.Civ.App., San Antonio 1958), writ dism. w. o. j., 159 Tex. 436, 321 S.W.2d 573 (1959). See also *Davis v. Coffee City, Texas,* 356 F.Supp. 550 (E.D.Tex.1972).

The judgment of the trial court is reversed and the cause rendered. The Ordinance of the City Council of Beaumont herein referred to is declared to be void and of no force and effect.

Reversed and rendered.

KEITH, Justice (concurring).

I concur in the disposition of the cause upon the basis of the authorities and reasoning set out by Chief Justice Dies in the majority opinion.

Under our uncontradicted record, appellants have valid licenses authorizing the legal sale of alcoholic beverages upon the premises described in their respective licenses. Thus, they may lawfully do that which is forbidden to unlicensed persons, i. e., sell alcoholic beverages. This personal privilege granted to them by the State of Texas under the terms of the Act, may be exercised lawfully at any time when not forbidden by the Act itself. The Legislature having specified the days and hours when such beverages may not be sold lawfully, Beaumont's attempt to make unlawful that which is lawful under the Act is therefore inconsistent with and contrary to a general law of the State and invalid. Tex.Const. art. XI, § 5; Home Rule Act, art. 1165, Tex.Rev.Civ.Stat.Ann. (1963).

I do not find it necessary to discuss other points of error brought forward by appellants. However, one of such points, that the State has pre-empted the field governing opening and closing days and hours of licensed dealers in alcoholic beverages, appears to have merit. See and compare, *Prescott v. City of Borger,* 158 S.W.2d 578 (Tex.Civ.App., Amarillo 1942, writ ref'd).

STEPHENSON, Justice (dissenting).

I respectfully dissent. I would affirm the judgment of the trial court.

The City of Beaumont is a home rule city, and it is conceded by everyone that a home rule city now has all of the power not denied to it by the Constitution and statutes. Therefore, the question before this court is *not* whether the City of Beaumont

had been granted the specific power to limit the number of hours a package store may remain open, but whether or not that specific power has been denied to the City of Beaumont.

The majority opinion gives two grounds for arriving at the conclusion that such specific power has been denied the City. First, the majority find the City has been denied that authority through the negative conclusion that certain statutes quoted authorize the City to exercise certain control and the authority to limit the hours is not expressed. In view of the established law in this State that a home rule city is authorized to do anything not specifically denied to it, the rule expressio unius est exclusio alterius cannot be used. No case in Texas that has been cited to us, or that I have found, has ever used that rule to detract from the authority of a home rule city.

The second ground, given by the majority for finding the City has been denied the specific power to limit the hours a package store can remain open, is that the City Ordinance conflicts with or is inconsistent with the statute. I find no such conflict or inconsistency. The statute says, in effect, that no person may sell or deliver alcoholic beverages during certain hours of the day. The City Ordinance does not say that a person in the City of Beaumont may sell or deliver alcoholic beverages during those prohibited hours. If it did, then there would be a conflict and inconsistency. For the majority to arrive at a conflict, it first has to find that a statute saying a person cannot sell or deliver during certain hours means that sales or deliveries can be made at all other hours. I do not find that to be a reasonable construction. If the Legislature had intended to give persons with this license the direct authority to remain open for specific hours, then it would have been a simple matter to say so.

I am convinced the City of Beaumont is in the best position to determine when and how it can enforce the laws relating to the use of alcoholic beverages, and set the hours a package store may remain open. That power has not been denied to the City by the statutes in question.