

# The Attorney General of Texas

December 30, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Westergren
Nueces County Attorney
Room 206, Nueces County Courthouse
Corpus Christi, Texas    78401

Opinion No. JM-112

Re: Authority of a county or
city to promulgate ordinances
banning open containers of
alcoholic beverages in motor
vehicles

Dear Mr. Westergren:

You have requested our opinion as to whether a municipality or a county may ban the possession of open containers of alcoholic beverages in motor vehicles through an ordinance adopted by the city council or an order adopted by the commissioners court. We conclude that the preemption provisions of the Texas Alcoholic Beverage Code preclude such an order or ordinance.

Section 1.06 of the code provides in full as follows:

> Unless otherwise specifically provided by the terms of this code, the manufacture, sale, distribution, transportation, and possession of alcoholic beverages shall be governed exclusively by the provisions of this code.

We believe that this preemption provision is very clear and simply precludes a city or county from enacting a local ordinance banning the possession of alcoholic beverages in automobiles.

In your brief you assert that a city would have such authority under their general grant of power to pass ordinances for the public health and welfare subject to the constitutional provision that

> [N]o charter or any ordinances passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State;

Tex. Const. art. XI, §5. See also V.T.C.S. art. 1165. With regard to counties you propose that a commissioners court order banning open

containers would be authorized by provisions of the newly codified "county road and bridge act," Acts 1983, 68th Leg., ch. 288, at 1431, to be codified as article 6702-1, section 2.301(a)(1) which provides as follows:

> The commissioners court of any county may regulate and restrict traffic on county roads and on other county-owned land under its jurisdiction.

This section also requires a public hearing before the adoption of traffic regulations and specifically authorizes the commissioners court to adopt speed limits, load limits, and a system of traffic controlled devices.

In the case of Royer v. Ritter, 531 S.W.2d 448, 449 (Tex. Civ. App. - Beaumont 1975, writ ref'd n.r.e.), the court held that a local ordinance passed by a city and which regulated the hours of sale for liquor package stores conflicted with the predecessor Liquor Control Act. The local ordinance prohibited the opening of a package store on days and at times not prohibited by state law. The court recognized five "distinct" areas of municipal regulatory authority over alcoholic beverages: (1) the assessment for local fees, (2) prohibiting sales in residential sections, (3) prohibiting sales near churches and schools, (4) regulating the sale of beer within the city limits, (5) adopting hours for the sale of mixed beverages. See Alcoholic Beverage Code §§11.38; 105.03; 109.31 - .33. The court held that the ordinance in question was unauthorized by the state liquor laws and was inconsistent therewith. The court stated the following:

> The Legislature, by granting to the cities power of control in five instances above set forth, has . . . denied this power in any instance not specified. There is no authority in the Texas Liquor Control Act for the Ordinance under review.

> Furthermore, this Ordinance is inconsistent with the Act. It is true that the Legislature stated when package stores are not to be open, rather than the converse. But this is merely one way of stating when they may be open. When the Beaumont Ordinance adds to the times they must be closed, the Ordinance is inconsistent with the statute.

>      . . . .

> If the Legislature had intended for the City Council to have the authority to extend the time of closing or opening of package stores from the

state provision, it could have said so.  Having failed to do so, we believe they [the Legislature] intended the provision for closing in the act to be statewide and exclusive.  (Emphasis in original).

Roger v. Ritter, supra at 449-50.  Based on the Royer case, we conclude that the legislature has not authorized cities and counties to adopt an open container ordinance.

## SUMMARY

A city or county is prohibited from adopting a local ordinance banning the possession of open containers of alcoholic beverages in motor vehicles.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton