

# THE ATTORNEY GENERAL
## OF TEXAS

November 18, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Charles D. Houston
District Attorney
One East Main
Bellville, Texas    77418

Opinion No.   JM-577

Re:  Whether a commissioners court may adopt drinking hours more restrictive than those permitted under section 105.03 of the Alcoholic Beverage Code

Dear Mr. Houston:

You inform us that the commissioners court of Austin County is considering adopting an order that would allow the sale of mixed beverages in unincorporated areas of Austin County between midnight and 2:00 a.m. on Thursday, Saturday, and Sunday mornings, but not on other mornings. You ask whether such an ordinance would be permissible under section 105.03(d)(1) of the Alcoholic Beverage Code.

Section 105.03 of the Alcoholic Beverage Code sets out the hours of sale for mixed beverages:

(a)  No person may sell or offer for sale mixed beverages at any time not permitted by this section.

(b)  A mixed beverage permittee may sell and offer for sale mixed beverages between 7 a. m. and midnight on any day except Sunday. On Sunday he may sell mixed beverages between midnight and 1:00 a. m. and between noon and midnight.

(c)  In a county having a population of 300,000 or more, according to the last preceding federal census, a holder of a mixed beverage late hours permit may also sell and offer for sale mixed beverages between midnight and 2 a. m. on any day.

(d)  In a county having a population of less than 300,000, according to the last preceding federal census, the extended hours prescribed in Subsection (c) of this section are effective for the sale of mixed beverages and the offer to sell

<u>them by a holder of a mixed beverages late hours
permit</u>:

(1) <u>in the unincorporated areas of the
county if the extended hours are adopted by an
order of the commissioners court</u>; and

(2) in an incorporated city or town if the
extended hours are adopted by an ordinance of
the governing body of the city or town.

(e) A violation of a city ordinance or order
of a commissioners court adopted pursuant to
Subsection (d) of this section is a violation of
this code. (Emphasis added).

Alco. Bev. Code §105.03; <u>see also</u> <u>id.</u> §105.05 (hours of sale for
beer).

Because the commissioners court in Austin County is considering
adopting only part of the late hours prescribed in subsection (c),
your question is, in essence, whether section 105.03(d)(1) gives a
county with a population of less than 300,000 only one alternative to
the hours set out in subsection (b) or whether such a county may adopt
any late hours it chooses as long as those hours are within the late
hours prescribed in section 105.03(c).

A commissioners court can exercise only those powers specifically
conferred on it by the constitution or statutes. <u>Canales v. Laughlin</u>,
214 S.W.2d 451, 453 (Tex. 1948). Therefore, we must examine the
language of section 105.03 carefully to determine what authority the
legislature intended to grant counties. Section 105.03 is a re-
codification of the following language:

(a) No person, except a person selling alco-
holic beverages under the authority of a Mixed
Beverages Permit, may sell or deliver any liquor:

(1) Between 9:00 o'clock p.m. of any day and
10:00 o'clock a.m. of the following day of any day
except Sunday, provided, however, that nothing in
this Section shall prevent a wholesaler from
making sales and deliveries to retailers between
the hours of 7:00 o'clock a.m. and 9:00 o'clock
p.m. Provided further, that any person holding
more than one Package Store Permit shall be
privileged to transfer alcoholic beverages between
any of his licensed premises in the same county
under such rules and regulations as may be
prescribed by the Commission, at any time between

the hours of 7:00 o'clock a.m. and 9:00 o'clock
p.m. on any day when the sale of such alcoholic
beverage is legal, provided that he be the holder
of a Local Cartage Permit.

(2)  On Christmas Day.

(3)  On Sundays.

(b)  No person in a county of 300,000 or more
population, according to the last preceding
federal census, may sell or offer for sale any
mixed beverage on Sunday at any time between the
hours of 2 a.m. and 12 noon or on any day other
than Sunday at any time between the hours of 2
a.m. and 7 a.m.

(c)  No person in a county not having a popula-
tion of 300,000 or more, according to the last
preceding federal census, may sell or offer for
sale any mixed beverage on Sunday at any time
between the hours of 1 a.m. and 12 noon or on any
day other than Sunday at any time between the
hours of 12 midnight and 7 a.m.

(d)  <u>Regardless of the provisions of Sub-
sections (a) and (b) of this Section, the Com-
missioners Court of any county under 300,000
population, according to the last preceding
federal census, may by order adopt for the unin-
corporated areas of that county the hours pre-
scribed above for counties having a population of
300,000 or more, according to the last preceding
federal census, during which the sale or offering
for sale of mixed beverages is made unlawful;</u> and
the governing body of any incorporated city or
town in any county under 300,000 population,
according to the last preceding federal census,
may by ordinance adopt the hours prescribed above
for counties having a population of 300,000 or
more, according to the last preceding federal
census, during which the sale or offering for sale
of mixed beverages is made unlawful; violation of
a Commissioners Court order or a city ordinance
made under this subsection is punishable as a
violation of this Act.

(e)  No person may sell or offer for sale any
mixed beverage on Sunday between the hours of
1 a.m. and 2 a.m., or on any other day between the

hours of 12 midnight and 2 a.m. unless he holds a **Mixed Beverage Late Hours Permit.**

(f) Notwithstanding any other provision of the Texas Liquor Control Act, except as to the holder of a storage permit, airline beverage permit, or in accordance with Sections 21 and 21-1/8 of Article I, no person shall sell, offer for sale or store for the purpose of sale in Texas, any liquor on which the State and federal tax has not been paid, provided, however, that the holder of any permit authorized to transport liquor out of the State may apply to the Commission for a refund of the excise tax on any liquor on which the State tax has been paid upon proper proof that the liquor was sold or disposed of outside the boundaries of the State of Texas. (Emphasis added).

Acts 1971, 62nd Leg., ch. 65, §25, at 695, repealed by Acts 1977, 65th Leg., ch. 194, at 391.

The plain meaning of the language used in both versions of the statute is that smaller counties have only one alternative to the hours set out in section 105.03(b). Language in statutes must be construed as written. We may not look for extraneous reasons for reading into a law an intention not expressed. Government Personnel Mutual Life Insurance Co. v. Wear, 251 S.W.2d 525 (Tex. 1952). It would have been an easy matter for the legislature to provide that smaller counties could adopt late hours that do not extend beyond the hours prescribed for larger counties. See, e.g., Alco. Bev. Code §109.32 (allowing cities to prescribe hours for the sale of beer as long as it does not permit them during hours when sale of beer is prohibited by state law). Instead, the legislature simply said that small counties may adopt the hours prescribed for large counties. Because we must construe the statute according to the plain meaning of the words used, we conclude that Austin County may not adopt an order permitting the sale of mixed beverages between midnight and 2 a.m. only on certain days.

Our construction of section 105.03 is supported by section 105.06 of the Alcoholic Beverage Code, which provides:

(a) In this section:

(1) 'Extended hours area' means an area:

(A) located in a county having a population of more than 300,000,

according to the last preceding federal census; or

(B) located in a county having a population of not more than 300,000, according to the last preceding federal census, if the area has been made subject to the extended hours of sale provided in Section 105.03 or 105.05 of this code.

(2) 'Standard hours area' means an area which is not an extended hours area.

(b) In a standard hours area, a person commits an offense if he consumes or possesses with intent to consume an alcoholic beverage in a public place at any time on Sunday between 1:15 a.m. and 12 noon or on any other day between 12:15 a.m. and 7 a.m.

(c) In an extended hours area, a person commits an offense if he consumes or possesses with intent to consume an alcoholic beverage in a public place at any time on Sunday between 2:15 a.m. and 12 noon and on any other day between 2:15 a.m. and 7 a.m.

(d) Proof that an alcoholic beverage was possessed with intent to consume in violation of this section requires evidence that the person consumed an alcoholic beverage on that day in violation of this section.

(e) An offense under this section is a misdemeanor punishable by a fine of not more than $50.

Alco. Bev. Code §105.06. Section 105.03 creates an offense, the elements of which vary according to whether the prohibited act occurs in a standard hours area or an extended hours area. Section 105.03 does not allow for the possibility that a county might have "partially extended" hours, thereby indicating that section 105.03 of the code gives counties only two options: standard hours or extended hours.

We do note that it has been held that a home-rule city may prohibit the sale of mixed beverages during the hours when state law permits such sale. Hewlett v. Texas Alcoholic Beverage Commission, 492 S.W.2d 686 (Tex. Civ. App. - Waco 1973, writ ref'd n.r.e.). But see Royer v. Ritter, 531 S.W.2d 448 (Tex. Civ. App. - Beaumont 1975,

writ ref'd n.r.e.) (holding contrary to Hewlett).  Even if Hewlett rather than Royer is a correct statement of the law, it does not affect our interpretation of section 105.03.  The reasoning in Hewlett is that home-rule cities have the power to pass any ordinance not in conflict with state law and that an ordinance more restrictive than state law is not in conflict with state law.  See Royer, 531 S.W.2d 448 (holding that more restrictive hours do conflict with state law).  Counties, in contrast to home-rule cities, have only those powers specifically granted to them.  Thus, the issue here is whether the legislature specifically granted counties with a population of less than 300,000 the authority to adopt "partially extended" hours, not whether the adoption by a county of "partially extended" hours would conflict with state law.

Therefore, we conclude that section 105.03 of the Alcoholic Beverage Code does not permit the commissioners court of a county having a population of less than 300,000 to adopt an order permitting the sale of mixed beverages in unincorporated areas of the county between midnight and 2:00 a.m. on some mornings but not on others.

S U M M A R Y

Section 105.03 of the Alcoholic Beverage Code does not permit the commissioners court of a county having a population of less than 300,000 to adopt an order permitting the sale of mixed beverages in unincorporated areas of the county between midnight and 2:00 a.m. on some mornings but not on others.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General