UNITED STATES of America, Appellee,

v.

James GLENN, Appellant.

No. 77–1410.

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 10, 1977.

Decided Sept. 27, 1977.

James M. Lowe, Alexandria, Va., for appellant.

Stephen Daniel Graeff, Sp. Asst. U. S. Atty., Alexandria, Va. (William B. Cummings, U. S. Atty., and J. Frederick Sinclair, Asst. U. S. Atty., Alexandria, Va., on brief), for appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

The appellant was convicted of violating 36 C.F.R. § 50.26(f), an Interior Department Regulation which is applicable to all park areas administered by the National Capital Parks, National Park Service, in Maryland, Virginia, and the District of Columbia. The Regulation reads as follows:

> "(f) *Other obscene and indecent acts.* The committing of any other obscene or indecent act in any area covered by this part is prohibited." [1]

The appellant consented to be tried before a United States Magistrate. The evidence established that within one of the mentioned park areas, the appellant grabbed a person, who turned out to be a United States Park Policeman in plainclothes, in the groin area. The Magistrate found the appellant guilty and the District Court affirmed the judgment of the Magistrate. The appellant now appeals to this court on the ground that subsection (f) is unconstitutional both facially and as applied. We reject appellant's contentions and affirm the judgment below.

1. Other subsections of the Regulation proscribe: (a) indecent exposure; (b) urinating or defecating in any place other than those designated; (c) adultery and fornication; (d) nuisances; soliciting for immoral purposes; and (e) profanity.

■ As the challenged subsection refers specifically to indecent *acts* and has never been construed to apply to speech, the First Amendment is not implicated in the present case; thus, this court need only consider the validity of subsection (f) as applied to the appellant's conduct. *Parker v. Levy* (1974) 417 U.S. 733, 755–56, 94 S.Ct. 2547, 41 L.Ed.2d 439; *Broadrick v. Oklahoma* (1973) 413 U.S. 601, 610–11, 93 S.Ct. 2908, 37 L.Ed.2d 830; *United States v. National Dairy Corp.* (1963) 372 U.S. 29, 33, 83 S.Ct. 594, 9 L.Ed.2d 561; *United States v. Raines* (1960) 362 U.S. 17, 21, 80 S.Ct. 519, 4 L.Ed.2d 524. In *Broadrick v. Oklahoma, supra,* the Court said:

> "Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court. [citing cases] A closely related principle is that constitutional rights are personal and may not be asserted vicariously. See *McGowan v. Maryland,* 366 U.S. 420, 429–30, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961)." 413 U.S. at 610, 93 S.Ct. at 2915.

An exception to the above principles has been carved out in the First Amendment area to permit " 'attacks on overly broad statutes, with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity.' " [2] As already stated, however, the relevant prohibition in the instant case is concerned only with acts, not speech; thus, the appellant will not be heard to contest the facial validity of the Regulation if such Regulation may be constitutionally applied as to him.

*Squire v. Pace* (W.D.Va.1974) 380 F.Supp. 269, *aff'd* (4th Cir.) 516 F.2d 240 (1975), *cert. denied* 423 U.S. 840, 96 S.Ct. 68, 46 L.Ed.2d 58 (1975), and *Smith v. Goguen*

(1974) 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605, cited by the appellant, are clearly distinguishable from the present case. Those decisions involved the invalidation of statutes implicating the First Amendment, thus bringing them within the exception to the principles stated in *Broadrick, supra.*

■ The appellant further contends that the Regulation is unconstitutional as applied to him. The Regulation is sufficient to give fair notice to a reasonable person that the grabbing of another's groin is an "indecent act" within the meaning of the Regulation.

The Tenth Circuit was faced with a situation similar to the one involved here in *United States v. Hymans* (10th Cir. 1972) 463 F.2d 615. There, the court affirmed the convictions of defendants who were "skinnydipping" and nude sunbathing in a national forest in violation of 36 C.F.R. § 251.93, which states:

> "The following acts are prohibited at developed recreational sites and posted areas of concentrated public recreation use.
>
> "(a) Inciting or participating in riots, or indulging in boisterous, abusive, threatening, or indecent conduct."

In response to a claim of vagueness regarding the words "indecent conduct," and more particularly the word "indecent," the court held that "though indecent conduct may be manifested in a variety of ways, the phrase itself has a well defined meaning and is not subject to the charge of vagueness." [3] The court went on to hold that under the circumstances the phrase "indecent conduct" clearly included nude bathing and sunbathing by defendants; thus, the application of the Regulation to them was constitutional.

In *Rose v. Locke* (1975) 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 the Supreme Court held that a Tennessee statute proscribing "crimes against nature" was not unconstitutionally vague as applied to cunnilingus. Responding to defendant's charge

---

**2.** 413 U.S. at 611–12, 93 S.Ct. at 2916; quoting *Dombrowski v. Pfister* (1965) 380 U.S. 479, 486, 85 S.Ct. 1116, 14 L.Ed.2d 22.

**3.** 463 F.2d at 618.

**326**

that the statutory prohibition failed to provide "fair warning" that cunnilingus was prohibited, the Court stated:

> "It is settled that the fair-warning requirement embodied in the Due Process Clause prohibits the States from holding an individual 'criminally responsible for conduct which he could not reasonably understand to be proscribed.' *United States v. Harriss*, 347 U.S. 612, 617 [74 S.Ct. 808, 812, 98 L.Ed. 989] (1954); see *Wainwright v. Stone*, 414 U.S. 21 [22, 94 S.Ct. 190, 38 L.Ed.2d 179] (1973). But this prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. . . . All the Due Process Clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden." 423 U.S. at 49–50, 96 S.Ct. at 244.

The Court distinguished cases such as *Smith v. Goguen, supra*, by stating that "[t]his is not a case in which the statute threatens a fundamental right such as freedom of speech so as to call for any special judicial scrutiny." [4]

Appellant relies heavily upon *District of Columbia v. Walters* (D.C.App.1974) 319 A.2d 332, wherein it was held that an ordinance proscribing "indecent acts" was unconstitutional both on its face and as applied to mutual masturbation. In holding the ordinance unconstitutional as applied, however, the *Walters* court relied upon *Goguen, supra*, even though *Goguen* involved First Amendment issues which were not present in the *Walters* case. Moreover, *Walters* is, in our opinion, contrary to the rule as declared in *Broadrick* and *Levy*. For these reasons, we find the *Walters* decision unconvincing and decline to follow it.

We are of the opinion that the Regulation in question is constitutional as applied, and, accordingly, the judgment below is

AFFIRMED.