UNITED STATES of America

v.

Jeanine M. BIOCIC.

Crim. No. S 89–0494.

United States District Court, D. Maryland.

March 2, 1990.

---

Breckinridge L. Willcox, U.S. Atty., David P. King, Asst. U.S. Atty., Baltimore, Md., for plaintiff.

John P. McGeehan, Fairfax, Va., pro haec vice, for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This is an appeal from a petty offense conviction entered by United States Magistrate Laws of this Court, after a bench trial, on a charge of violation of 50 C.F.R. § 27.83 (1988), which makes punishable as a federal offense the commission, within national wildlife refuges, of "any act of indecency or disorderly conduct as defined by State or local laws...." The appellant does not dispute the underlying facts, so there is no need to review the proceedings at trial (fortunate, because the tape is inaudible); the appellant challenges only the legal conclusions the Magistrate reached in his written opinion, which was entered after post-trial briefing. After review of the Magistrate's opinion and the appellate briefs, this Court concludes that the Magistrate's decision should be *affirmed*. No oral argument is deemed necessary. Local Rule 303.1, D.Md.

The undisputed facts are that, on June 16, 1989, while on the public beach at the Chincoteague National Wildlife Refuge within Accomack County, Virginia (an area within Magistrate Laws' territorial jurisdiction), the appellant, accompanied by a male companion, was observed by a federal agent in a state of semi-undress, *viz.*, with the top portion of her two-piece bathing suit removed. The removal of this piece of apparel was concededly appellant's intentional act. (Apparently, nude and seminude bathing in this area of the Refuge is of sufficient frequency as to warrant regular patrols devoted to ticketing participants.)

The appellant raises a number of contentions in attacking her conviction. They will be addressed in turn.

■ First, appellant alleges that the federal regulation, proscribing indecency, does not comprehend public nudity as defined in the incorporated local ordinance, Accomack County Code § 9.3. The Court disagrees. Certainly, nudity in public is comprehended within the common meaning of the term "indecency," and the nudity need not involve an accompanying act of obscenity to be indecent. Rather, it has been held that intentional nudity in a public area of a federal reservation falls within the definition of "indecency" in a regulation that is in *pari materia* with the one at issue here. *United States v. Hymans*, 463 F.2d 615 (10th Cir.1972), *cited with approval in United States v. Glenn*, 562 F.2d 324, 325 (4th Cir.1977).

■ The appellant next argues that the ordinance in question must fail because it is overbroad in its scope. The Court disagrees, both because of the ordinance's limitation to intentional nude displays and its limitation to public places and those open to public view. The Court also rejects appellant's argument that the ordinance must fail because it does not require proof that an observer was offended by the display. Regardless of shifts in public sentiment elsewhere about public nudity, the fact remains that Accomack County has chosen to ban it. This reflection of commu-

**1366**

nity values is sufficient to uphold the statute, without proof that any particular observer was offended. In our system of government, the states and their subdivisions are the repositories of the general police power, which can properly be utilized to proscribe conduct that the community finds offensive to its sense of decency. *Cf. Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

■ Appellant next argues that the Accomack County ordinance impermissibly conflicts with Virginia state law, and, hence, is void under a pre-emption theory. This Court is of the opinion that the fact that a state law of Virginia proscribes obscene exposure does not pre-empt local ordinances that regulate non-obscene nudity, such as the ordinance here at issue. *See Wayside Restaurant v. City of Virginia Beach,* 215 Va. 231, 208 S.E.2d 51 (1974).

■ Finally, appellant mounts a multi-pronged attack upon the federal constitutional validity of the ordinance. Because the ordinance makes a gender-based distinction, *i.e.,* between exposure of the male and female breasts, it arguably must pass the intermediate level of review of *Craig v. Boren,* 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976). *SDJ, Inc. v. City of Houston,* 837 F.2d 1268, 1279 (5th Cir.), *reh'g & reh'g en banc denied,* 841 F.2d 107 (1988), *cert. denied,* — U.S. ——, 109 S.Ct. 1310, 103 L.Ed.2d 579 (1989). In the present case, this Court concludes that the regulation of the public exposure of the female breast, given the historical approach to the subject and the objectives of the community in protecting its moral values, is substantially related to an important governmental interest. *SDJ, Inc.,* 837 F.2d at 1279; *Craft v. Hodel,* 683 F.Supp. 289, 299–301 (D.Mass.1988).

■ Finally, the Court rejects appellant's novel assertion that there is a constitutionally protected liberty interest, akin to the privacy right identified in, *e.g., Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), in public nudity. This Court rejects such contention, which is unsupported by authority, out of hand. Indeed, as few as 33 years ago, Justice Doug-

las thought it beyond comprehension that constitutional support could be found for the "right" of public nudity. *Roth v. United States,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). Whatever the decline in the American public's moral sensibilities might have been in the years since then, (*O tempora, o mores!*), it has not yet reached the point where the body politic will recognize, as a fundamental right of the human condition, the right to go about in a public place in a state of partial or complete nudity.

The Court finds insufficient merit in the additional points raised by appellant to warrant their discussion in this opinion.

For the reasons stated, an order will be entered separately, affirming the judgment of conviction.