**CITY OF WICHITA FALLS, Appellant,**

v.

**Charlotte ABELL et al., Appellees.**

**No. 17988.**

Court of Civil Appeals of Texas, Fort Worth.

April 27, 1978.

Rehearing Denied May 25, 1978.

H. P. Hodge, Jr., City Atty., Wichita Falls, for appellant.

Fillmore, Lambert, Farabee, Purtle & Lee, Clyde Fillmore, Wichita Falls, for appellee Charlotte Abell.

Elmer H. Parish, Wichita Falls, for intervenor.

## OPINION

SPURLOCK, Justice.

Appellees sought to have Ordinance No. 3046 of the City of Wichita Falls, Texas, (Section 4–24 of the Code of Ordinances) declared unconstitutional and invalid, to permanently enjoin the defendant city (appellant) from enforcing such ordinance, and to order the city secretary to certify that no provisions of the City Charter or any ordinance places any limitations on the sale of alcoholic beverages at two specific locations in Wichita Falls. The trial court rendered judgment declaring the city ordinance to be unconstitutional and void and granted the relief sought. From this judgment, the City of Wichita Falls has perfected its appeal.

We affirm.

All of the facts were stipulated by the parties. For the purposes of this opinion, we shall only set forth the facts that are applicable to Charlotte Abell, due to the great similarity of the stipulated facts as to her (except for dates and specific locations) with the stipulated facts applicable to the intervenors. The important facts are as follows:

(1) Charlotte Abell has made application for a Wine and Beer Retailers Off-Premises Permit for her business located at 1211 Broad Street, Wichita Falls, Texas.

(2) She presented the application for said permit to the city secretary of the City of Wichita Falls, Texas; she sought to have the city secretary certify that her business location was in a wet area of the city and that the sale of alcoholic beverages for which the permit was being sought was not prohibited by the City Charter or ordinances.

(3) The city secretary refused to execute the requested certificate.

(4) City Ordinance No. 3046 (Sec. 4–24, Code of Ordinances of the City of Wichita Falls) was enacted on January 20, 1976, and has been in full force and effect since that time.

(5) The distance from plaintiff's place of business to Austin School, measured in a straight line from a main wall of the building located at 1211 Broad Street to a main wall of Austin School as required by said City Ordinance No. 3046 is less than 300 feet.

(6) The distance from 1211 Broad Street, plaintiff's place of business, to Austin School, measured along property lines and from front door to front door, as required by Art. 666–25a of Vernon's Revised Civil Statutes is more than 300 feet.

(7) The only reason for the refusal to execute the certification sought by Charlotte Abell was because of the provisions of Ordinance No. 3046.

(8) 1211 Broad Street is located in a "wet area" of Wichita Falls, Texas, where the sale of alcoholic beverages for off-premises consumption is authorized by Section 4–18, Code of Ordinances, City of Wichita Falls, Texas, except as negated and prohibited by Ordinance No. 3046.

(9) Charlotte Abell was and is the lessee of the property located at 1211 Broad Street, Wichita Falls, Texas.

(10) The City of Wichita Falls is a home rule city.

By its sole point of error, the City of Wichita Falls contends that the trial court

erred in holding that Ordinance No. 3046 "of the City of Wichita Falls is unconstitutional and void as being in conflict with Article 666–25a of Vernon's Revised Civil Statutes (now Section 109.33 of the Alcoholic Beverage Code.)"

At the time of trial, Texas Liquor Control Act art. 666–25a (1976 Pamphlet) was in force.[1] It provided:

"The Commissioners' Court of any county in the territory thereof outside incorporated cities and towns and the governing authorities of any city or town within the corporate limits of any such city or town may prohibit the sale of alcoholic beverages by any dealer where the place of business of any such dealer is within three hundred (300) feet of any church, public school or public hospital, *the measurements to be along the property lines of the street fronts and from front door to front door and in direct line across intersections where they occur*." (Emphasis added.)

The Board of Alderman of the City of Wichita Falls enacted Ordinance No. 3046, which provides:

"The sale of alcoholic beverages within the city by any dealer with a place of business of such dealer within three hundred (300) feet of any church, state-supported public school, parochial school or public hospital, *the measurement to be in a straight line from a main wall of the building in which the beverages are sold to a main wall of the other establishment, is hereby prohibited.* (Ord. No. 2491, § 11, 3–4–69; Ord. No. 3046, 1–20–76)." (Emphasis added.)

Tex.Const. art. 11, § 5 (1955) provides: "Cities having more than five thousand (5000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the legislature, and *providing that no*

*charter or any ordinance passed under said charter shall contain any provision inconsistent with* the Constitution of the State, or of *the general laws enacted by the Legislature of this State ; . . .* As amended Aug. 3, 1909, proclamation Sept. 24, 1909; Nov. 5, 1912, proclamation Dec. 30, 1912." (Emphasis added.)

Tex.Rev.Civ.Stat.Ann. art. 1165 (1963) provides:

"Cities having more than five thousand inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature. *No charter or any ordinances passed under said charter shall contain any provision* inconsistent *with the* Constitution or *general laws of this State ; . . .* Acts 1913, p. 307." (Emphasis added.)

As the City of Wichita Falls concedes in its brief, the only question in this case is whether Ordinance No. 3046 is inconsistent (or in conflict) with Article 666–25a of the Texas Liquor Control Act.

In the case at bar, the city has attempted by ordinance to change the method of measuring the distance set forth by the Legislature in Texas Liquor Control Act art. 666–25a (1976 Pamphlet).

■ In seeking to uphold its ordinance, the City of Wichita Falls has placed great reliance upon the dissenting opinion by Justice Stephenson in *Royer v. Ritter*, 531 S.W.2d 448 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.). The City of Wichita Falls wishes us to follow the dissenting opinion in *Royer*, despite the fact that the Supreme Court gave the majority opinion a "writ ref'd n. r. e." notation. In *Royer*, the City of Beaumont prohibited package stores within the city limits from engaging in business on four holidays when, under the Texas Liquor Control Act, they would be

1. Effective September 1, 1977, the Texas Alcoholic Beverage Code became effective. With certain modifications, the language that was previously used in Texas Liquor Control Act art. 666–25a (1976 Pamphlet) can be found at Alcoholic Beverage Code § 109.33 (1977 Pamphlet).

authorized to operate, and on the other days of the year, the ordinance required that package stores close at 8 P.M., whereas the Texas Liquor Control Act permitted them to remain open until 9 P.M. In· declaring the city ordinance void, Chief Justice Dies, in the majority opinion, wrote:

"If the Legislature had intended for the City Council to have the authority to extend the time of closing or opening of package stores from the state provision, it could have said so. Having failed to do so, we believe they (the Legislature) intended the provision for closing in the act to be statewide and exclusive. (Citing cases.)" *Id.* at 450.

As the court wrote in *Murphy v. Wright*, 115 S.W.2d 448, 451 (Tex.Civ.App.—Fort Worth 1938, no writ):

"The fact that the city of Denton is one chartered under the home rule amendment to the Constitution and the Enabling Acts by the Legislature thereto, does not authorize it to ignore general statutes enacted by the Legislature on the same subject. . . ."

■ By ordinance, the City of Wichita Falls has attempted to alter the method of computing the distance where it may prohibit the sale of alcoholic beverages. If the city ordinance were allowed to stand in this case, the result would be to make illegal that which is legal under the laws of the State of Texas. We hold that Ordinance No. 3046 of the City of Wichita Falls is in conflict with the general laws of the State on the subject, which at the time of trial, was Texas Liquor Control Act art. 666–25a (1976 Pamphlet). See Tex.Rev.Civ.Stat. Ann. art. 1165 (1963). We hold that Ordinance No. 3046 of the City of Wichita Falls is unconstitutional, because under Tex. Const. art. 11, § 5 (1955), no charter or ordinance of a home rule city "shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State; . . . ." The City of Wichita Falls' sole point of error is overruled.

The judgment of the trial court is affirmed.