704 S.W.2d 380 (1985)
YOUNG, WILKINSON & ROBERTS, a Texas General Partnership, Appellant,
v.
The CITY OF ABILENE, By and Through ITS CITY COUNCIL AND BOARD OF ADJUSTMENT, Appellee.
No. 11-85-123-CV.
Court of Appeals of Texas, Eastland.
October 17, 1985.
Rehearing Denied November 7, 1985.
*381 Billy W. Boone, Boone, Parker, Ladyman, Hardaway & Johnson, Abilene, for appellant.
Jonathon K. Graham, City Attorney's Office, Abilene, for appellee.

OPINION
McCLOUD, Chief Justice.
This is a zoning case. Appellant, Young, Wilkinson & Roberts, a Texas General Partnership, sought a license to sell alcoholic beverages at its restaurant in Abilene. The facts were stipulated. Appellant's property is zoned Heavy Commercial. The license was denied because appellant did not meet the requirements of Section 23-306.5.H(13)(b) of the City's Zoning Ordinance. This Zoning Ordinance provides in pertinent part:
All structures housing a liquor store having a permit which allows on-premise consumption of alcohol must be located at least three hundred (300) feet from any lot in a residential district or in a College-University district or any lot used for church, school or hospital purposes.
Said measurements to be in a straight line in all directions from the structure housing the liquor store (on-premise consumption) to the nearest point on any lot in a residential district, or College-University district, or any lot used for church, school or hospital purposes....
The measurements for a structure shall be taken from the furthest point that a structure extends in any direction, including overhanging roofs and all other projections or portions of said structure.
On-premise consumption of alcoholic beverages is permitted in a Heavy Commercial Zone subject to the special conditions outlined above. Appellant failed to comply with this ordinance because its property is within 300 feet of a lot in a residential district. The Board of Adjustment denied appellant's request for a variance, and appellant filed a petition in the trial court seeking a writ of certiorari to review the decision of the Board of Adjustment. The trial court entered judgment for the City of Abilene. We affirm.
Appellant agrees that it does not satisfy the requirements of Abilene's Zoning Ordinance, but it argues that it does comply with the requirements of TEX.ALCO.BEV.CODE ANN. sec. 109.33 (Vernon Supp.1985). This section provides in pertinent part:
(a) [T]he governing board of an incorporated city or town may enact regulations applicable in the city or town, prohibiting the sale of alcoholic beverages by a dealer whose place of business is within 300 feet of a church, public school, or public hospital.
(b) The measurement of the distance between the place of business where alcoholic beverages are sold and the church or public hospital shall be along the property lines of the street fronts and from front door to front door, and in direct line across intersections. The measurement of the distance between the place of business where alcoholic beverages are sold and the public schools shall be from the nearest property line of the public school to the nearest doorway by *382 which the public may enter the place of business, along street lines and in direct line across intersections.
Appellant's property is not within 300 feet of a church, school, or hospital under the measurement requirements of either Section 23-306.5.H(13)(b) of the City Zoning Ordinance or Section 109.33 of the Texas Alcoholic Beverage Code.
Appellant argues that Abilene's Zoning Ordinance is unconstitutional under TEX. CONST. art. XI, sec. 5 which provides for home rule in cities with populations above 5,000. This section provides in part that "no ... ordinance passed under said charter shall contain any provision inconsistent with ... the general laws enacted by the Legislature of this State...." Appellant contends that Abilene's Ordinance is unconstitutional because it is "inconsistent" with Section 109.33 of the Alcoholic Beverage Code in two respects. First, Abilene's Zoning Ordinance provides for a different system of measurement than the Alcoholic Beverage Code, and second, Abilene's Zoning Ordinance requires a liquor store to be at least 300 feet from any lot in a residential district, which is not required by Section 109.33 of the Alcoholic Beverage Code.
Initially, we hold that the City's Zoning Ordinance does not conflict with the TEX.ALCO.BEV.CODE ANN. sec. 109.33. The Zoning Ordinance places restrictions which apply to any lot in a residential district in addition to restrictions applicable to churches, public schools, and public hospitals. In no way does Section 109.33 place limitations as to lots in residential districts, nor does this Section place limitations on the system of measurement from places that sell alcoholic beverages to lots in residential districts.
Texas courts have long recognized that home rule cities, such as Abilene, can regulate the sale of alcoholic beverages through zoning. Louder v. Texas Liquor Control Board, 214 S.W.2d 336, 338 (Tex.Civ.App.Beaumont 1948, writ ref'd n.r.e.); see also Le Gois v. State, 80 Tex.Cr.R. 356, 190 S.W. 724 (1916); T & R Associates, Inc. v. City of Amarillo, 688 S.W.2d 622, 625 (Tex.App.Amarillo 1985, writ ref'd n.r.e.); Eckert v. Jacobs, 142 S.W.2d 374 (Tex.Civ.App.Austin 1940, no writ). Zoning restrictions are not limited to residential areas, but may also apply to wholly commercial or partly residential and partly commercial areas. Louder v. Texas Liquor Control Board, supra at 341; Eckert v. Jacobs, supra at 377. The rationale for granting cities the zoning power to restrict the sale of alcoholic beverages was stated by the court in Eckert:
[T]he sale of intoxicants is accompanied with objections not common to other types of commercial enterprises, and such facts constitute valid grounds for a separate classification or prohibition thereof in a given commercial area, for the protection of the health, morals, safety, peace and convenience of the public. (Emphasis added)
See also T & R Associates, Inc. v. City of Amarillo, supra at 625.
Appellant argues that TEX.ALCO.BEV.CODE ANN. secs. 1.03, 1.06, and 109.33 (Vernon 1978 and Vernon Supp.1985) limit a home rule city's zoning powers.[1] Texas courts have held that the Liquor Control Act, predecessor to the Alcoholic Beverage Code,[2] does not limit a city's zoning powers:
To construe the Liquor Control Act as limiting the powers of the City, in zoning *383 ordinances affecting sale of liquor, to the terms and conditions therein stated, would make [the Liquor Control] Act, so far as Liquor Zoning is concerned, repeal many other provisions of the statutes giving broad governing powers to home rule cities. This obviously was never intended by the Legislature.
Eckert v. Jacobs, supra at 378; see also Massengale v. City of Copperas Cove, 520 S.W.2d 824, 828-29 (Tex.Civ.App.Waco 1975, writ ref'd n.r.e.); City of Clute v. Linscomb, 446 S.W.2d 377, 380 (Tex.Civ.App.Houston [1st Dist.] 1969, no writ); Pitre v. Baker, 111 S.W.2d 359 (Tex.Civ.App.Beaumont 1937, writ dism'd). The court in Discount Liquors No. 2, Inc. v. Texas Liquor Control Board, 420 S.W.2d 422, 425 (Tex.Civ.App.Amarillo 1967, writ ref'd n.r.e.), reached a similar conclusion:
We hold that the Constitution and general statutes of this State do not deny the City [a home rule city] the right to regulate the area of the City in which liquor could be sold.
The cases cited by the appellant are not zoning cases, thus, they are not controlling. In City of Wichita Falls v. Abell, 566 S.W.2d 336 (Tex.Civ.App.Fort Worth 1978, writ ref'd n.r.e.), cited by appellant, the city's method of measurement from a "public school" to a place where alcoholic beverages could be sold conflicted with the method of measurement contained in TEX.ALCO.BEV.CODE ANN. sec. 109.33. In the instant case, there is no conflict because the issue in question involves "a lot in a residential district." We overrule appellant's points of error. The judgment of the trial court is affirmed.
DICKENSON, Justice, dissenting.
I dissent because the Alcoholic Beverage Code[1] which became effective in 1977 contains the following statutory provisions:
Sec. 1.06 Code Exclusively Governs
Unless otherwise specifically provided by the terms of this code, the manufacture, sale, distribution, transportation, and possession of alcoholic beverages shall be governed exclusively by the provisions of this code. (Emphasis added)
Sec. 109.31 Municipal Regulation of Liquor
A city by charter may prohibit the sale of liquor in all or part of the residential sections of the city. (Emphasis added)
Sec. 109.32 Municipal and County Regulation of Beer
(a) An incorporated city or town by charter or ordinance may:
(1) prohibit the sale of beer in a residential area.... (Emphasis added)
Sec. 109.33 Sales Near School, Church, or Hospital
(T)he governing board of an incorporated city or town may enact regulations applicable in the city or town, prohibiting the sale of alcoholic beverages by a dealer whose place of business is within 300 feet of a church, public school, or public hospital.... (Emphasis added)
As I read these provisions, the Abilene City Ordinance conflicts with the express language of the Alcoholic Beverage Code to the extent that the ordinance prohibits the sale of liquor and beer in areas (1) which have not been zoned as residential sections and (2) which are not within 300 feet of a church, public school, or public hospital. Consequently, I would hold that, to the extent of that conflict, the ordinance exceeds the authority granted by TEX. CONST. art. XI, sec. 5, which specifically states in pertinent part that:
(N)o charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State.... (Emphasis added)
*384 See City of Wichita Falls v. Abell, 566 S.W.2d 336 at 339 (Tex.Civ.App.Fort Worth 1978, writ ref'd n.r.e.).
Appellant's property is not in a residential section, and it is not within 300 feet of a church, public school, or public hospital; however, it is within 300 feet from the boundary of an area which has been zoned as a residential section. It may well be that the legislature should amend the Code to permit cities to create buffer zones around their residential sections, but Sections 109.31 and 109.32 presently limit the cities to prohibiting "the sale of liquor in all or part of the residential sections" and "the sale of beer in a residential area." The legislature has clearly stated in Section 1.06 that the sale of alcoholic beverages "shall be governed exclusively" by the provisions of the Alcoholic Beverage Code.
I would reverse the judgment and remand the cause.
NOTES
[1] TEX.ALCO.BEV.CODE ANN. sec. 1.03 provides:

This code is an exercise of the police power of the state for the protection of the welfare, health, peace, temperance, and safety of the people of the state. It shall be liberally construed to accomplish this purpose.
TEX.ALCO.BEV.CODE ANN. sec. 1.06 provides:
Unless otherwise specifically provided by the terms of this code, the manufacture, sale, distribution, transportation, and possession of alcoholic beverages shall be governed exclusively by the provisions of this code.
[2] The Liquor Control Act contained substantially the same language found in TEX.ALCO.BEV.CODE ANN. secs. 1.03, 1.06 and 109.33.
[1] All citations to sections of this Code refer to TEX.ALCO.BEV.CODE ANN. (Vernon 1978 and Vernon Supp.1985).