DICKENSON, Justice,
dissenting.
I dissent because the Alcoholic Beverage Code[1] which became effective in 1977 contains the following statutory provisions:
Sec. 1.06 Code Exclusively Governs
Unless otherwise specifically provided by the terms of this code, the manufacture, sale, distribution, transportation, and possession of alcoholic beverages shall be governed exclusively by the provisions of this code. (Emphasis added)
Sec. 109.31 Municipal Regulation of Liquor
A city by charter may prohibit the sale of liquor in all or part of the residential sections of the city. (Emphasis added) Sec. 109.32 Municipal and County Regulation of Beer
(a) An incorporated city or town by charter or ordinance may:
(1) prohibit the sale of beer in a residential area_ (Emphasis added)
Sec. 109.33 Sales Near School, Church, or Hospital
(T)he governing board of an incorporated city or town may enact regulations applicable in the city or town, prohibiting the sale of alcoholic beverages by a dealer whose place of business is within 300 feet of a church, public school, or public hospital.... (Emphasis added)
As I read these provisions, the Abilene City Ordinance conflicts with the express language of the Alcoholic Beverage Code to the extent that the ordinance prohibits the sale of liquor and beer in areas (1) which have not been zoned as residential sections and (2) which are not within 300 feet of a church, public school, or public hospital. Consequently, I would hold that, to the extent of that conflict, the ordinance exceeds the authority granted by TEX. CONST, art. XI, sec. 5, which specifically states in pertinent part that:
(N)o charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State.... (Emphasis added)
*384 See City of Wichita Falls v. Abell, 566 S.W.2d 336 at 339 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.).
Appellant’s property is not in a residential section, and it is not within 300 feet of a church, public school, or public hospital; however, it is within 300 feet from the boundary of an area which has been zoned as a residential section. It may well be that the legislature should amend the Code to permit cities to create buffer zones around their residential sections, but Sections 109.31 and 109.32 presently limit the cities to prohibiting “the sale of liquor in all or part of the residential sections” and “the sale of beer in a residential area.” The legislature has clearly stated in Section 1.06 that the sale of alcoholic beverages “shall be governed exclusively” by the provisions of the Alcoholic Beverage Code.
I would reverse the judgment and remand the cause.

. AH citations to sections of this Code refer to TEX.ALCO.BEV.CODE ANN. (Vernon 1978 and Vernon Supp.1985).