**ABILENE OIL DISTRIBUTORS, INC., Appellant,**

v.

**CITY OF ABILENE, Appellee.**

No. 11–86–033–CV.

Court of Appeals of Texas, Eastland.

June 26, 1986.

Rehearing Denied July 24, 1986.

Laura Lee Price, E. Lee Haag, Whitten, Haag, Hacker, Hagin & Cutbirth, Abilene, for appellant.

Jonathan K. Graham, City Atty's Office, Abilene, for appellee.

OPINION

McCLOUD, Chief Justice.

This is a zoning case. Abilene Oil Distributors, Inc., appellant and owner of a convenience store known as Star Stop No. 3 located in an area zoned "Heavy Commercial," sought a license to sell alcoholic beverages for off-premise consumption. A "liquor store" is permitted in a heavy commercial zone subject to special conditions. The Board of Adjustment denied appellant's request for a variance from these special conditions. This case was tried upon stipulated facts, and the trial court rendered judgment in favor of the City of Abilene. We affirm.

Appellant argues that the City's Zoning Ordinance is unconstitutional because the State statute and the City's Zoning Ordinance have different methods of measuring the distance from a public school to a place that sells alcoholic beverages. TEX.ALCO. BEV.CODE ANN. sec. 109.33 (Vernon Supp.1986) provides in part:

> (a) [T]he governing board of an incorporated city or town may enact regulations applicable in the city or town, prohibiting the sale of alcoholic beverages by a dealer whose place of business is within 300 feet of a church, public school, or public hospital.

(b) ... The measurement of the distance between the place of business where alcoholic beverages are sold and the public schools shall be from the nearest property line of the public school to the nearest doorway by which the public may enter the place of business, along street lines and in direct line across intersections....

The distance from Star Stop No. 3 to the school, as measured by the State statute, is more than 300 feet.

The City's Zoning Ordinance, ABILENE, TEX., CODE ch. 23, subsec. E, sec. 23–306.-5.H(15)(a) (1984) provides:

All structures housing a liquor store must be located at least three hundred (300) feet from any lot in College-University district or any lot used for church, school or hospital purposes.

Said measurements to be in a straight line in all directions from the structure housing the liquor store to the nearest point on any lot in College-University district or any lot used for church, school or hospital purposes.

Under this measurement system, appellant's store is less than 300 feet from a lot used for school purposes.

Appellant contends that the different methods of measurement between the City's Zoning Ordinance and the State statute constitute an inconsistency which is prohibited by the Texas Constitution. TEX.CONST. art. XI, sec. 5 provides for home rule in cities with populations above 5,000. This section provides in part that "no ... ordinance passed under said charter shall contain any provision inconsistent with ... the general laws enacted by the Legislature of this State...."

TEX.REV.CIV.STAT.ANN. art. 1011a (Vernon Supp.1986), granting the City the power to zone, states:

For the purpose of promoting health, safety, morals, and for the protection and preservation of places and areas of historical, cultural, or architectural importance and significance, or the general welfare of the community, the legislative body of cities ... is hereby empowered to regulate and restrict ... the location and use of buildings, structures, and land for trade, industry, residence, or other purpose....

A zoning ordinance can be inconsistent with a State statute if the ordinance imposes "higher standards." TEX.REV.CIV. STAT.ANN. art. 1011j (Vernon 1963), entitled "Conflict with other laws," provides in part:

Wherever the regulations made under authority of this Act require a greater width or size of yards, courts, or other open spaces, or require a lower height of building or less number of stories, or require a greater percentage of lot to be left unoccupied, *or impose higher standards* than are required in any other statute or local ordinance or regulation, the provisions of the regulations made under authority of this Act shall govern. (Emphasis added)

The City's Zoning Ordinance does conflict with Section 109.33 of the Texas Alcoholic Beverage Code. However, where the City's Zoning Ordinance imposes "higher standards" than a State statute, Article 1011j states that the "provisions of the regulations made under authority of this Act [the City's Zoning Ordinance] shall govern." We hold that the City's Zoning Ordinance, which adopts a different system of measurement than the Texas Alcoholic Beverage Code, imposes a higher standard because the City's system of measurement requires a "liquor store" to be farther away from a public school than is required by the Texas Alcoholic Beverage Code.

Appellant argues that the case of *City of Wichita Falls v. Abell*, 566 S.W.2d 336 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.), controls the disposition of this case. The *Abell* case did not involve a zoning ordinance or the City of Wichita Falls' zoning powers. Furthermore, Article 1011j was not discussed in *Abell*. Thus, this case is not controlling.

In *Young, Wilkinson & Roberts v. City of Abilene*, 704 S.W.2d 380, 382 (Tex.App. —Eastland 1985, writ ref'd n.r.e.), we re-

cently held that the City's Zoning Ordinance, ABILENE, TEX., CODE ch. 23, subsec. E, sec. 23–306.5.H(13)(b) (1984), did not conflict with Section 109.33 of Texas Alcoholic Beverage Code because the ordinance in that case involved a lot in a residential district. This Court stated:

> In no way does Section 109.33 place limitations as to lots in residential districts, nor does this Section place limitations on the system of measurement from places that sell alcoholic beverages to lots in residential districts.

In the instant case, the conflict in the two different methods of measurement is permitted under Article 1011j because the City's Zoning Ordinance imposes a "higher standard."

Appellant's points of error are overruled. The judgment of the trial court is affirmed.