**SDJ, INC., d/b/a Sugar Babes, et al., Plaintiffs-Appellants,**

v.

**The CITY OF HOUSTON, et al., Defendants-Appellees.**

No. 86–2735.

United States Court of Appeals, Fifth Circuit.

March 15, 1988.

Karrie Key, Joel M. Androphy, David H. Berg, Berg & Androphy, Houston, Tex., for SDJ, Inc., et al.

Jack R. Burns, Bellevue, Wash., for M.E.F. Enterprises, Inc. and MKD Enterprises.

Robert J. Collins, Sp. Asst. City Atty., and Gilbert D. Douglas, Houston, Tex., for defendants-appellees.

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion 02/10/88, 5th Cir.1988, 837 F.2d 1268)

Before REAVLEY, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

In their petition for rehearing Appellants argue that this court must apply a "least restrictive means" analysis to the Houston Ordinance, in accord with the decision in *City of Watseka v. Illinois Public Action*

*Council.* [1] In that case, the Seventh Circuit used a two-prong analysis to test the tailoring of a time, place or manner restriction on political solicitation. The court required the City to show first, that there was a significant relationship between its regulatory interest and the means selected and, second, that the City chose the "least restrictive means" to implement that interest.[2] The Seventh Circuit found neither requirement satisfied.[3] Appellants urge that the *City of Watseka* decision is now binding precedent in this circuit because the Supreme Court summarily affirmed the Seventh Circuit's judgment.[4]

■ Although it is true that a summary affirmance by the Supreme Court is entitled to precedential weight,[5] such a decision does not necessarily represent the Court's endorsement of the lower court's reasoning. As the Court has stated:

> We have often recognized that the precedential effect of a summary affirmance extends no further than "the precise issues presented and necessarily decided by those actions." A summary disposition affirms only the judgment of the court below, and no more may be read into our action than was essential to sustain that judgment. *Illinois Election Bd. v. Socialist Workers Party,* 440 U.S. 173, 182–183, 99 S.Ct. 983, 989, 59 L.Ed. 2d 230 (1979); *Mandel v. Bradley,* 432 U.S. 173, 176, 97 S.Ct. 2238, 2240, 53 L.Ed.2d 199 (1977); see *Fusari v. Steinberg,* 419 U.S. 379, 391–392, 95 S.Ct. 533, 540–541, 42 L.Ed.2d 521 (1975) (Burger, C.J., concurring).[6]

The Supreme Court also has cautioned lower courts not to give a summary affirmance an interpretation that would repudiate doctrines previously announced by the Court in fully argued cases; in short, summary actions "should not be understood as breaking new ground." [7]

With these principles in mind, we look first at the jurisdictional statement filed with the Supreme Court in *City of Watseka* to determine whether the "least restrictive means" issue was squarely presented.[8] The closest question listed in the jurisdictional statement is: "In the test of reasonableness of Watseka's ordinance, must it be the most reasonable limitation or only a reasonable limitation?" [9] This statement of the issue is opaque, but the "test of reasonableness" could be read to mean the standard for narrow tailoring, in which case the restrictiveness of means would fairly have been an issue before the Court.

■ However, even if the Supreme Court was properly presented with the issue, we still cannot conclude that the Court's summary affirmance requires us to apply the Seventh Circuit's least-restrictive means analysis. Given the Supreme Court's unwillingness to apply such scrutiny in the *City of Renton v. Playtime Theatres, Inc.,* 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986) and *United States v. Albertini*, 472 U.S. 675, 105 S.Ct. 2897, 86 L.Ed.2d 536 (1985) cases,[10] the Court would have been "breaking new ground" to adopt a least-restrictive means test in the *City of Watseka* affirmance. Moreover, such an approach was not essential to the affirmance; the Court need only have agreed with the Seventh Circuit's alternative conclusion that the City failed to demonstrate

---

1. 796 F.2d 1547 (7th Cir.1986).

2. *Id.* at 1554.

3. *Id.* at 1555–57.

4. See *City of Watseka v. Illinois Public Action Council,* —— U.S. ——, 107 S.Ct. 919, 93 L.Ed.2d 972 (1987).

5. See *Tully v. Griffin, Inc.,* 429 U.S. 68, 74, 97 S.Ct. 219, 223, 50 L.Ed.2d 227 (1976).

6. *Anderson v. Celebrezze,* 460 U.S. 780, 784 n. 5, 103 S.Ct. 1564, 1568 n. 5, 75 L.Ed.2d 547 (1983).

7. *Mandel,* 432 U.S. at 176, 97 S.Ct. at 2240 ("An unexplicated summary affirmance settles the issues for the parties, and is not to be read as a renunciation by this Court of doctrines previously announced in our opinions after full argument.") (quoting *Fusari,* 419 U.S. at 391–92, 95 S.Ct. at 540–41 (Burger, C.J., concurring)).

8. See *Mandel,* 432 U.S. at 180, 97 S.Ct. at 2242 (Brennan, J., concurring).

9. Appellant's Jurisdictional Statement, *City of Watseka v. Illinois Public Action Council,* No. 86–631 (U.S. Oct. 16, 1986).

10. See *SDJ, Inc. v. City of Houston,* 837 F.2d 1268, 1275–76 (5th Cir. 1988).

 

a significant relationship between the regulation and the City's interests. In this case, by contrast, we found that the City of Houston demonstrated such a relationship.[11]

It is true that three Justices dissented from the summary affirmance in *City of Watseka*, persuaded that the Seventh Circuit had erred in adding a least-restrictive means component to time, place, or manner analysis. *See City of Watseka*, 107 S.Ct. at 920 (White, J., Rehnquist, C.J., and O'Connor, J., dissenting). To some extent, this confirms our conclusion that the Seventh Circuit's approach broke with precedent. The fact that the Justices dissented from affirmance for that reason, however, does not indicate that the majority adopted the Seventh Circuit's reasoning. We could make that inference only if the least restrictive means approach had been essential to the affirmance and consistent with the Court's prior decisions in argued cases.

The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.