**Ralph COURTNEY, Appellant,**

v.

**CITY OF SHERMAN, Texas, Appellee.**

No. 05–89–00901–CV.

Court of Appeals of Texas, Dallas.

April 16, 1990.

Rehearing Denied May 18, 1990.

Roger D. Sanders, D. Keith Harrison, Sherman, for appellant.

Ronald H. Clark, Deborah Sterling Burleson, Sherman, for appellee.

Before WHITHAM, ROWE and BAKER, JJ.

## OPINION

BAKER, Justice.

■ The central issue in this case is whether the City of Sherman can impose stricter standards upon private club permittees regarding the service of alcoholic beverages than those standards imposed by the Texas Legislature. We hold that it cannot.

The City adopted Zoning Ordinance 3990 which provided that all private clubs granted a permit by the State of Texas must obtain a specific use permit to operate in the City. It provided further that:

> All applicants granted a specific use permit to operate a club shall conduct their business in a manner that produces gross revenues on an annual basis from the sale of food that is equal to or greater than the gross revenue produced from the service of alcoholic beverages.

Subsequently, Ordinances 4070 and 4088 were passed, amending the reporting provisions of Ordinance 3990. Ralph Courtney applied for and received a specific use permit to operate a private club in the City. Thereafter, however, Courtney refused to file affidavits in compliance with Ordinance 3990 and its amendments, stating that the revenue from his private club's food sales was equal to or exceeded the revenue produced from the service of alcoholic beverages. Instead, he brought suit contending that the ordinances were unconstitutional because they conflicted with state law.

See TEX. CONST. art. 11, § 5. The trial court held that the amending ordinances, Ordinances 4070 and 4088, were unconstitutional because they conflicted with state law and granted a temporary injunction preventing their enforcement. However, the court upheld Ordinance 3990. Courtney appeals, contending that Ordinance 3990 is in conflict with state law and thereby unconstitutional. By cross-points, the City contends that the amending ordinances are constitutional.

The Texas Alcoholic Beverage Code regulates the licensing of private clubs. See TEX.ALCO.BEV.CODE ANN. §§ 32.01–.07 (Vernon 1978).[1] Qualifications for a permit include:

> (g) The club must provide regular food service adequate for its members and their guests.
>
> (h) The club's total annual membership fees, dues, or other income, excluding proceeds from the disposition of alcoholic beverages but including service charges, must be sufficient to defray the annual rental of its leased or rented premises or, if the premises are owned by the club, sufficient to meet the taxes, insurance, and repairs and the interest on any mortgage on the premises.

§ 32.03. The Code further provides that:

> Unless otherwise specifically provided by the terms of this code, the manufacture, sale, distribution, transportation, and possession of alcoholic beverages shall be governed exclusively by the provisions of this code.

§ 1.06.

■ It is apparent that the City is attempting to impose stricter standards upon the distribution of alcoholic beverages by private club permittees than the state. The Code provides that the private club need only provide regular food service adequate for its members and requires that revenues be sufficient to defray costs of sustaining the premises. The City is requiring that the revenues from food sales equal or ex-

1. All Code and section references are to the Texas Alcoholic Beverage Code Annotated (Vernon 1978) unless otherwise indicated.

ceed the revenues from the service of alcoholic beverages. Courtney contends that since the legislature has specified the qualifications for a private club permit and because the Code is the exclusive governor of these requirements, the City cannot impose stricter standards. *See City of Wichita Falls v. Abell,* 566 S.W.2d 336, 339 (Tex. Civ.App.—Fort Worth 1978, writ ref'd n.r. e.); *Royer v. Ritter,* 531 S.W.2d 448, 450 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.). The City counters, averring that section 211.013 of the Local Government Code permits zoning which imposes higher standards than those provided by state statute. That section provides that:

> *If a zoning regulation adopted under this subchapter* requires a greater width or size of a yard, court, or other open space, requires a lower building height or fewer number of stories for a building, requires a greater percentage of lot to be left unoccupied, or otherwise *imposes higher standards than those required under another statute or local ordinance or regulation, the regulation adopted under this subchapter controls.*

TEX.LOCAL GOV'T.CODE ANN. § 211.013(a) (Vernon 1988) (the City's emphasis).

The City relies on *Abilene Oil Distrib., Inc. v. City of Abilene,* 712 S.W.2d 644, 645 (Tex.App.—Eastland 1986, writ ref'd n.r.e.), which held that the predecessor to section 211.013 permits the imposition of stricter standards than those provided by the Alcoholic Beverage Code. The facts in that case are distinguishable. In *Abilene Oil,* the court held that the city could impose greater distance requirements between liquor stores and public schools, churches, and hospitals than those required by the Code. *Abilene Oil,* 712 S.W.2d at 645. But see *City of Wichita Falls,* 566 S.W.2d at 339, where it was held that the City could not impose greater distance requirements between where alcoholic beverages were sold and churches, schools, or hospitals. The City's reliance on section 211.013 is misplaced. That section permits cities to impose higher standards regarding the regulation of the location, use, spacing, and the physical nature and character of buildings and lots and does not permit the regulation of the manufacture, sale, distribution, transportation, and possession of alcoholic beverages governed exclusively by the Code.[2] *See SDJ, Inc. v. City of Houston,* 837 F.2d 1268, 1280 (5th Cir.1988), *reh'g denied,* 841 F.2d 107; *Banknote Club and Stan's Boilermaker v. City of Dallas,* 608 S.W.2d 716, 718–19 (Tex.Civ. App.—Dallas 1980, writ ref'd n.r.e.).

In our view, the legislature has attempted to preempt the field concerning private club regulation.[3] The City's ordinance,

---

2. This construction is further supported by Local Government Code section 211.003, addressing municipalities' zoning power generally. It provides:

    (a) The governing body of a municipality may regulate:

        (1) the height, number of stores, and size of buildings and other structures;

        (2) the percentage of a lot that may be occupied;

        (3) the size of yards, courts, and other open spaces;

        (4) population density; and

        (5) the location and use of buildings, other structures, and land for business, industrial, residential, or other purposes.

    (b) In the case of designated places and areas of historical, cultural, or architectural importance and significance, the governing body of a municipality may regulate the construction, reconstruction, alteration, or razing of buildings and other structures.

    (c) The governing body of a home-rule municipality may also regulate the bulk of buildings.

TEX.LOCAL GOV'T.CODE ANN. § 211.003 (Vernon 1988).

3. The legislature's intent to preempt the regulation of private clubs is even more evident with the passage of Code section 109.57 in 1987. *See* TEX.ALCO.BEV.CODE ANN. § 109.57 (Vernon Supp. 1990). However, that section is not applicable to Ordinance 3990, as regulations passed prior to that section are exempted. Evidently, for this reason, the trial court struck down Ordinances 4070 and 4088 passed subsequent to the promulgation of section 109.57 and upheld Ordinance 3990 passed before its promulgation. That section provides, in part:

    (a) Except as is expressly authorized by this code, a regulation, charter, or ordinance promulgated by a governmental entity of this state may not impose stricter standards on premises or businesses required to have a license or permit under this code than are

which imposes upon the private club the requirement that it procure as much or more revenues from the sale of food as it does from the service of alcohol, is in direct conflict with the Code. By zoning ordinance, the City has attempted to make more onerous the requirements of operating a private club than required under the Code. If the ordinance were allowed to stand, the result would be to make illegal that which is legal under the laws of the State of Texas. *See City of Wichita Falls,* 566 S.W.2d at 339; *Royer,* 531 S.W.2d at 450; TEX. CONST. art. 11, § 5. We hold that Ordinance 3990 and its amendments, Ordinances 4070 and 4088, are in conflict with the general laws of the State and are unconstitutional. We sustain Courtney's second point of error.

■ We note that in addition to a prayer for this court to reverse the trial court's summary judgment upholding Ordinance 3990, Courtney prays that this case be remanded to the trial court on the issue of attorney's fees. Because Courtney has failed to assert this issue by a point of error or to raise it in argument before this court, the issue is waived. *See Gulf Coast State Bank v. Emenhiser,* 562 S.W.2d 449, 453 (Tex.1978); TEX.R.APP.P. 74(d) & (f).

In a separate appeal, the City asserts four cross-points of error. Cross-points one, two, and three complain that the trial court erred in enjoining the City from enforcing Ordinances 4070 and 4088 and in enjoining the enforcement of Ordinance 3990 pending final disposition on appeal. Because we have held that all three of the City's ordinances are unconstitutional, we overrule these cross-points.

■ In its fourth cross-point, the City complains that the trial court erred in failing to grant the City judgment for the face amount of the $1,000 temporary restraining order bond executed by Courtney when the trial court granted him the temporary restraining order. The City contends that

Texas Rule of Civil Procedure 684 entitles it to judgment for the face amount of the bond.

Rule 684 in pertinent part provides:

Where the temporary restraining order or temporary injunction is against ... a municipality ... and is such that the ... municipality ... has no pecuniary interest in the suit and no monetary damages can be shown, the bond shall be allowed in the sum fixed by the judge, and the liability of the applicant shall be for its face amount if the restraining order or temporary injunction shall be dissolved in whole or in part. The discretion of the trial court in fixing the amount of the bond shall be subject to review. Provided that under equitable circumstances and for good cause shown by affidavit or otherwise the court rendering judgment on the bond may allow recovery for less than its full face amount, the action of the trial court to be subject to review.

The City contends that the temporary restraining order expired under its own terms ten days after it was granted and that Courtney did not secure a temporary injunction until approximately two months later. The City contends that it is entitled to judgment for the face amount of the bond because there was no affidavit by Courtney showing good cause for the court to allow a recovery of less than the full amount of the bond. *See City of Houston v. Plantation Land Co.,* 440 S.W.2d 691, 696 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.).

However, the City has failed to point out where in the record it brought to the trial court's attention its demand for recovery of the face amount of Courtney's temporary restraining order bond, has failed to point out where it obtained a ruling upon its request, and has failed to point out where it informed the trial court of its dissatisfaction with the judgment rendered by the trial court. If a party fails to secure a

imposed on similar premises or businesses that are not required to have such a license or permit.
(b) It is the intent of the legislature that this code shall exclusively govern the regulation of

alcoholic beverages in this state, and that except as permitted by this code, a governmental entity of this state may not discriminate against a business holding a license or permit under this code.

ruling upon that party's request for relief from the trial court and fails to inform the trial court of its dissatisfaction with the judgment as rendered, any error is waived. *See Larrumbide v. Doctor's Health Facilities*, 734 S.W.2d 685, 693 (Tex.App.—Dallas 1987, writ denied); Tex.R.App.P. 52(a). We overrule the City's fourth cross-point of error.

We affirm the trial court's judgment holding that the City's Ordinances 4070 and 4088 are unconstitutional. We reverse the trial court's judgment holding that the City's Ordinance 3990 is valid and render judgment that it conflicts with the general laws of the State of Texas and is unconstitutional.