**TRINITY UNIVERSAL INS. CO., Appellant,**

v.

**FIDELITY & CASUALTY CO. OF NEW YORK, Appellee.**

No. 05–91–01561–CV.

Court of Appeals of Texas, Dallas.

July 24, 1992.

Rehearing Denied Sept. 11, 1992.

Arch M. Skelton, Dallas, for appellant.

John Gordon, Dallas, for appellee.

Before BAKER, BURNETT and ROSENBERG, JJ.

## OPINION

BAKER, Justice.

This is a declaratory-judgment action tried on stipulated facts. Trinity, as subrogee to its insured's rights, sued Fidelity. The trial court found for Fidelity. Trinity contends the trial court erred because Fidelity was also liable for the loss. We reverse and render.

### NATURE OF THE CASE

Trinity and Fidelity stipulated to the facts and documentary evidence. The trial court's judgment states:

The Plaintiffs and Defendant appeared by counsel and announced ready. Counsel for both parties presented to the Court an agreed Stipulation of Facts. Thereafter, Plaintiffs filed with the Court their Brief in Support of Plaintiff's Motion for Judgment, and Defendant filed with the Court its Brief In Opposition to Plaintiff's Motion for Judgment.

The Court, having considered the *pleadings, Stipulation of Facts,* and *briefs of the parties,* finds that Judg-

ment should be entered in favor of the Defendant.

(Emphasis ours.)

The parties did not follow the technical requirements of rule 263 of the Texas Rules of Civil Procedure.[1] *See* TEX. R.CIV.P. 263. However, the final judgment appears to be the product of a rule 263 agreed case. *See Lambda Constr. Co. v. Chamberlin Waterproofing & Roofing Sys.,* 784 S.W.2d 122, 125 (Tex.App.—Austin 1990, writ denied); *Henry S. Miller Co. v. Wood,* 584 S.W.2d 302, 303–04 (Tex.Civ. App.—Texarkana 1979), *aff'd,* 597 S.W.2d 332 (Tex.1980). The judgment shows the trial court relied on the parties' factual stipulations, pleadings, and legal arguments.

■ These stipulations are binding upon the parties, the trial court, and the reviewing court. *M.J.R.'s Fare v. Permit & License Appeal Bd.,* 823 S.W.2d 327, 330 (Tex.App.—Dallas 1991, writ denied). Consequently, we may review only the correctness of the application of law to the admitted facts. *Reed v. Valley Fed. Sav. & Loan Co.,* 655 S.W.2d 259, 264 (Tex.App.— Corpus Christi 1983, writ ref'd n.r.e.).

### THE STIPULATED FACTS

Little John's Steakhouse purchased commercial insurance from Fidelity. Fidelity's policy went into effect on December 3, 1988, and expired at 12:01 a.m. on December 3, 1989. On November 3, 1989, Fidelity sent a letter to Little John's informing the restaurant that Fidelity would not renew the policy. The restaurant then purchased a substantially similar commercial insurance policy from Trinity.

Trinity's policy became effective at 12:01 a.m. on December 3, 1989. A fire destroyed a portion of the restaurant's kitchen that same morning at 6:35 a.m. Trinity paid $18,138.16 for repairing and restoring its insured's premises. Fidelity admitted it would be liable for one-half of the loss if its policy was in force at the time of the loss.

---

1. The parties submitted agreed stipulations of facts to the clerk. However, the trial court did not sign and certify it to be correct. *See* TEX. R.CIV.P. 263.

However, Fidelity denied its policy was in force.

## THE STATUTE

The stipulation quoted the applicable portion of the insurance code. The code provides:

> An insurer may refuse to renew a policy if the insurer delivers or mails to the first-named insured written notice of the nonrenewal of the policy at the address shown on the policy. The notice must be delivered or mailed not later than the 60th day before the date on which the policy expires. If the notice is delivered or mailed later than the 60th day before the date on which the policy expires, the coverage shall remain in effect until the 61st day after the date on which the notice is delivered or mailed. Earned premium for any period of coverage that extends beyond the expiration date of the policy shall be computed pro rata based on the previous year's rate.

TEX.INS.CODE ANN. art. 21.49–2A(e) (Vernon Supp.1992).

The parties also stipulated that Fidelity did not give the restaurant Form TxCPP–1 (Texas Commercial Package Policy Amendatory Endorsement Cancellation Provision). *See* State Bd. of Ins., 12 Tex.Reg. 2686 (1987). Section five of Form TxCPP–1 advises insureds of their rights under article 21.49–2A(e).[2]

## STATUTORY CONSTRUCTION

■ Construction of a statute is a question of law. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989). Courts are responsible for truly and fairly interpreting written law. *Simmons v. Arnim,* 110 Tex. 309, 220 S.W. 66, 70 (1920). We begin any statutory analysis by reviewing the statute. *Cail v. Service Motors,*

*Inc.,* 660 S.W.2d 814, 815 (Tex.1983). If the statute is clear and unambiguous, extrinsic aids and rules of statutory construction are inappropriate. *Ex parte Roloff,* 510 S.W.2d 913, 915 (Tex.1974). We must follow the clear language of the statute. *RepublicBank Dallas, N.A. v. Interkal, Inc.,* 691 S.W.2d 605, 607 (Tex.1985).

■ If the statute is unambiguous, we seek the intent of the legislature as found in the plain and common meaning of the words and terms used. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 352 (Tex. 1990). We look to the entire Act in determining the legislature's intent about a specific provision. *Taylor v. Firemen's & Policemen's Civil Serv. Comm'n,* 616 S.W.2d 187, 190 (Tex.1981). We presume the entire statute is effective, and we favor public interest over any private interest. TEX. GOV'T CODE ANN. § 311.021(1) & (5) (Vernon 1988).

## APPLICATION OF LAW TO FACTS

■ Fidelity contends we must interpret the statute to carry out the statute's legislative purpose. Fidelity argues the legislature designed the statute to give the insured enough time to locate alternative insurance. Because the restaurant got insurance from Trinity, Fidelity contends the statute's purpose was served. Fidelity argues we should deny Trinity's claim. We disagree.

The statute clearly and unambiguously states that the insurer must deliver or mail notice of policy nonrenewal no later than the sixtieth day before the date the policy expires. If the insurer delivers or mails the notice *later* than the sixtieth day before the date the policy expires, the coverage *shall* remain in effect until the sixty-first day after the date of the delivering or

---

2. This section provides:

At the option of the insured, this policy must be renewed at expiration, unless this company delivers or mails to the first-named insured written notice of the non renewal of this policy at the address shown on this policy. The notice must be delivered or mailed not later than the 60th day before the date on which this policy expires. If notice is delivered or mailed later than the 60th day before the date on which this policy expires, the coverage shall remain in effect until the 61st day after the date on which the notice is delivered or mailed.

Earned premium for any period of coverage that extends beyond the expiration date of this policy shall be computed pro rata based on the rate charged for this expired policy.

mailing of the notice. Fidelity did not comply with the statute.

We hold Fidelity's policy was in force when the fire destroyed part of the restaurant's kitchen. The language of the statute is clear. We must follow it. *See RepublicBank Dallas, N.A.*, 691 S.W.2d at 607. The trial court did not correctly apply the statute to the stipulated facts. We sustain Trinity's point of error.

## IS TRINITY ENTITLED TO ATTORNEY'S FEES?

### A. Trinity's Prayer

In addition to its prayer for reversal and rendition of judgment in its favor, Trinity also prays for an award of attorney's fees for the trial and appeal of the case. Trinity's prayer alleges the trial court determined attorney's fees of $4785 through trial, $3000 for an appeal to this Court, and $3000 for an appeal to the Texas Supreme Court.

At oral argument, Trinity's counsel also asked this Court to render judgment for attorney's fees. When questioned about what the record reflects concerning attorney's fees, appellant's counsel stated the judgment provides for attorney's fees if appellant is successful on appeal.

### B. Applicable Law

■ A party does not preserve a complaint for appellate review unless the party asserts the complaint in a point of error and supports it by argument and authorities in its brief. *See Gulf Coast State Bank v. Emenhiser*, 562 S.W.2d 449, 452–53 (Tex.1978); *Courtney v. City of Sherman*, 792 S.W.2d 135, 138 (Tex.App.—Dallas 1990, writ denied); TEX.R.APP.P. 74(d) & (f). The Texas Uniform Declaratory Judgment Act provides that the trial court may award reasonable and necessary attorney's fees as are equitable and just. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986).

■ Whether to grant or deny attorney's fees in a declaratory judgment action is within the trial court's sound discretion. *Oake v. Collin County*, 692 S.W.2d 454,

455 (Tex.1985). The courts have broadly construed the trial court's discretion in the award of attorney's fees in a declaratory judgment action. We do not reverse the trial court's decision on appeal unless the complaining party shows a clear abuse of discretion. *Oake*, 692 S.W.2d at 455.

### C. Application of the Law to the Facts

The record reflects the parties did not stipulate to attorney's fees for Trinity if it recovered in the trial court. The parties filed the stipulations on July 1, 1991. On July 2, 1991, the parties submitted the case to the trial court for determination based on the stipulated facts. The docket sheet shows that the trial court rendered judgment for Fidelity on July 26, 1991. The docket sheet entry on that date also states, "Attorney's fees hearing to be held at later date."

The docket sheet further reflects that on September 4, 1991, the trial court held an attorney's fees hearing. The docket entry states "plaintiff counsel to testify what his fees would have been had he won. ($4,785) Trial court/$3,000 appeal/$3,000 appeal."

The trial court entered a judgment on September 5, 1991. This judgment contains neither findings about attorney's fees nor an order for attorney's fees if appellant wins on appeal. The record does not show a request for or the filing of findings of fact and conclusions of law about attorney's fees.

Trinity's brief does not have a point of error requesting the award of attorney's fees in the event of a reversal of the trial court's judgment. There is no argument or citation of authorities in the brief about attorney's fees.

■ First, because Trinity did not assert the right to attorney's fees by a point of error or raise it in argument in its brief, Trinity waived its right to attorney's fees. *Gulf Coast State Bank*, 562 S.W.2d at 453; *Courtney*, 792 S.W.2d at 138; TEX.R.APP.P. 74(d) & (f).

Second, appellate courts have upheld the trial court where the trial court did not award attorney's fees to the winning party

and where the trial court awarded attorney's fees to the losing party in declaratory judgment actions. *See Oake,* 692 S.W.2d at 456; *District Judges of Collin County v. Commissioners Court of Collin County,* 677 S.W.2d 743, 746 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). This record does not show an abuse of discretion by the trial court. We conclude we may not render judgment for Trinity for attorney's fees.

We reverse the trial court's judgment. We render judgment that Trinity recover from Fidelity one-half of what Trinity paid its insured.