WEST END PINK, LTD., Appellant,

v.

CITY OF IRVING, Texas, Appellee.

No. 05–99–00086–CV.

Court of Appeals of Texas, Dallas.

Dec. 14, 1999.

Robert M. Greenberg, Legal Services, P.C., Dallas, for appellant.

H. Louis Nichols, Nichols, Nichols Jackson Dillard Hager & Smith LLP, Dallas, for appellee.

Before Justices KINKEADE, OVARD, and WHITTINGTON.

## OPINION

Opinion By Justice OVARD.

In this appeal, we are asked to determine the constitutionality of two sections of the City of Irving's comprehensive zoning ordinance, ordinance number 1144, which limit the sale of alcoholic beverages at Irving restaurants to no more than forty percent of annual total sales. West End Pink, Ltd. brought this declaratory judgment action challenging the constitutionality of the ordinance. Specifically, West End alleged that portions of the ordinance conflicted with the Texas Alcoholic Beverage Code (TABC), in violation of article eleven, section five of the Texas Constitution. Both West End and the City of Irving moved for summary judgment on this issue. The trial court granted the City's motion, denied West End's motion, and declared the ordinance constitutional. In the five issues West End presents for our review, West End generally contends the trial court erred in failing to declare the ordinance unconstitutional. Because West End challenges the constitutionality of the ordinance only on grounds that it conflicts with state law, we conclude any such constitutional infirmity was cured when the ordinance was validated by the Texas Legislature. Accordingly, we affirm the trial court's judgment.

Both parties agree that the material facts are undisputed. West End owns and operates a restaurant in Irving that serves alcoholic beverages. West End received approval from the City for a zoning designation of S–P–1 (R–AB). As defined by section 52–49(a)(1)(b) of ordinance number 1144, the zoning designation S–P–1 (R–AB) means "a restaurant or eating establishment ... whose gross sales in Irving from food on an annual basis represents at least sixty (60) percent of its total sales of food and alcoholic beverages." Under section 52–49(a)(7) of the ordinance, the city council may cancel a certificate of occupancy of any party operating a restaurant zoned S–P–1 (R–AB) for failure to meet this requirement.

In August 1995, the City notified West End that it was not in compliance with section 52–49 because less than sixty percent of food and alcohol sales at West End's restaurant were attributable to food. At a December 1995 hearing, West End was asked to show cause why its certificate of occupancy should not be canceled. After the hearing, the city council voted to cancel West End's certificate of occupancy.

Thereafter, West End initiated this suit seeking, among other things, a declaratory judgment that sections 52–49(a)(1)(b) and (a)(7) of the ordinance violated the Texas Constitution because they conflicted with the TABC by regulating the percentage of West End's sales from alcoholic beverages and imposing a condition on retention of its certificate of occupancy. Both parties filed partial motions for summary judgment on this issue. The trial court granted the City's motion, denied West End's motion, and declared the ordinance constitutional. The trial court later severed the remainder of the case, making the judgment final. This appeal followed.

When, as in this case, both parties file motions for summary judgment and one is granted and the other is denied, we review all questions presented. *Keever v. Finlan,* 988 S.W.2d 300, 305 (Tex.App.-Dallas 1999, pet. dism'd). We render such judgment as the trial court should have rendered. *Id.* We review the summary judgment evidence de novo to determine whether a party's right to prevail is established as a matter of law. *Id.*

█ The City of Irving is a home-rule city. Under article eleven, section five of the Texas Constitution, home-rule cities have broad discretionary powers, provided that no ordinance shall contain any provision inconsistent with the state constitution or with general laws enacted by the state legislature. TEX. CONST. art. XI, § 5; *Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas,* 852 S.W.2d 489, 490 (Tex.1993). An ordinance of a home-rule city that attempts to regulate a subject matter preempted by a state statute is unenforceable to the extent it conflicts with the state statute. *Dallas Merchant's,* 852 S.W.2d at 491.

█ West End contends sections 52–49(a)(1)(b) and (a)(7) of the ordinance violate article eleven, section five of the Texas Constitution because they are in direct conflict with sections 1.06 and 109.57 of the TABC. Section 1.06 of the TABC provides: "Unless otherwise specifically provided by the terms of this code, the manufacture, sale, distribution, transportation, and possession of alcoholic beverages shall be governed exclusively by the provisions of this code." TEX. ALCO. BEV.CODE ANN. § 1.06 (Vernon 1995). Similarly, section 109.57 provides: "It is the intent of the legislature that this code shall exclusively govern the regulation of alcoholic beverages in this state...." TEX. ALCO. BEV.CODE ANN. § 109.57(b) (Vernon Supp.2000). Both the Texas Supreme Court and this Court have held that the TABC preempts municipal ordinances regulating the sale of alcoholic beverages. *See Dallas Merchant's,* 852 S.W.2d at 491–92 (ordinance prohibiting sale of alcoholic beverages within 300 feet of residential area); *Courtney v. City of Sherman,* 792 S.W.2d 135, 137–38 (Tex. App.-Dallas 1990, writ denied) (ordinance providing that revenue private clubs receive from food sales must equal or exceed revenue from sales of alcoholic beverages).

In this case, the City asserted in its motion for summary judgment that the ordinance does not conflict with the TABC because, after the ordinance was amended to include section 52–49, the ordinance was validated by the state legislature. West End responds that the legislature could not have validated the ordinance because the ordinance was unconstitutional. We agree with the City.

█ Section 52–49 was added to the ordinance on November 19, 1981. The City relies on three validating statutes enacted in 1985, 1987, and 1989. The validating acts apply to any incorporated city operating under general law or under a home-rule charter. TEX.REV.CIV. STAT. ANN. arts. 974d–36 § 1, 974d–37 § 1 (Vernon Supp. 2000); Act of May 27, 1985, 69th Leg., R.S., ch. 815, § 2, 1985 Tex. Gen. Laws 2872, *repealed by* Act of May 1, 1987, 70th Leg., ch. 149, 1987 Tex. Gen. Laws 707, 1307.[1] The acts provide that all govern-

_____

1. Although the 1985 validation statute was later repealed, repeal of a validation statute

mental acts and proceedings of a municipality since adoption or attempted adoption of the charter are validated as of the dates on which they occurred. TEX.REV. CIV. STAT. ANN. arts. 974d–36, § 2(b), 974d–37, § 2(b) (Vernon Supp.2000); Act of May 27, 1985, 69th Leg., R.S., ch. 815, § 3(b), 1985 Tex. Gen. Laws 2872 (repealed 1987).

Validation acts are remedial and are to be liberally construed. *Mayhew v. Town of Sunnyvale*, 774 S.W.2d 284, 296 (Tex.App.-Dallas 1989, writ denied); *Murmur Corp. v. Board of Adjustment*, 718 S.W.2d 790, 793 (Tex.App.-Dallas 1986, writ ref'd n.r.e.). They apply to amendatory zoning ordinances. *Mayhew*, 774 S.W.2d at 284; *Murmur Corp.*, 718 S.W.2d at 793. Validation statutes may not, however, cure constitutional defects. *Mayhew*, 774 S.W.2d at 296. Validation statutes cannot validate what the legislature could not pass into law in the first instance. 35 DAVID B. BROOKS, TEXAS PRACTICE: COUNTY & SPECIAL DISTRICT LAW § 3.13 (1989).

In this case, West End asserts the ordinance is unconstitutional only because it conflicts with state law. We emphasize that West End does not challenge the constitutionality of the ordinance on grounds that it violates due process or equal protection or on the basis of any other constitutional infirmity. Because the legislature could have passed a law in the first instance authorizing the City to adopt the ordinance, we conclude it could later validate the City's ordinance and did so. We note that subsequent validation statutes have specifically provided that they do not validate any ordinance that violates section 1.06 or 109.57 of the TABC. *See, e.g.,* TEX. REV.CIV. STAT. ANN. art. 974d–39, § 7 (Vernon Supp.2000) (effective August 26, 1991). The cases previously cited for the proposition that the TABC preempts municipal ordinances regulating alcoholic beverages are not dispositive because those cases did

not discuss validation statutes. *See Dallas Merchant's*, 852 S.W.2d at 490–94; *Courtney*, 792 S.W.2d at 136–39. We conclude the trial court did not err in granting the City's motion for summary judgment or in denying West End's motion for summary judgment.

Accordingly, we affirm the trial court's judgment.

does not negate the statute's validating effect. Validation statutes serve their purpose when they become law and serve no further func-

tion. 35 DAVID B. BROOKS, TEXAS PRACTICE: COUNTY & SPECIAL DISTRICT LAW § 3.13 (1989).